IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ED MUEGGE, | ) | CIV. NO. 09-00614 LEK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S AMENDED BILL OF |
| AQUA HOTELS AND RESORTS, | ) | COSTS |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S AMENDED BILL OF COSTS

Before the Court is Plaintiff Ed Muegge's Amended Bill of Costs (Doc. 378). Various Defendants filed Objections to the Bill of Costs. After careful consideration of the Bill of Costs and the supporting and opposing memoranda, the Court finds and recommends that it be GRANTED IN PART and DENIED IN PART.[1] Specifically, the Court recommends that Plaintiff be awarded $3,666.11 in costs, as detailed below. Attached to this Findings and Recommendation is Exhibit A, which reflects the costs attributable to each Defendant. The Court recommends that Plaintiff's request for joint and several liability be denied. Therefore, Defendants are liable for only the costs attributed to each of them in Exhibit A.

---

[1] The Court elects to decide the Bill of Costs without a hearing, pursuant to Local Rule 7.2(d).

DISCUSSION

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d). See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir.1999). Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Id. According to the Ninth Circuit:

> A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

Quan v. Computer Sciences Corp., 623 F. 3d 870, 888 (9th Cir. 2010) (brackets omitted).

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax costs that are specified in 28 U.S.C. § 1920. See <u>Yasui</u>, 78 F. Supp. 2d at 1126 (citing <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987); <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir.1990)). Section 1920 enumerates the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see <u>Yasui</u>, 78 F. Supp. 2d at 1126.

I.   Meet and Confer

Local Rule 52.4(c) requires that an affidavit supporting a Bill of Costs "contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held."

Defendants argue that Plaintiff's counsel failed to comply with this

requirement because they did not declare that they met and conferred with defense counsel or that they made a good faith effort to do so. (Aqua Opp. at 6.) Defendants note that Plaintiff's counsel provided them with a copy of the Bill of Costs only a few hours before the Bill was filed. (Id.)

According to Lunsford Phillips, he reached out to all counsel before filing the Bill of Costs and remained available to meet and confer prior to the time Defendants filed their Oppositions. (Phillips Decl'n attached to Reply ¶ 2.) He says Defendants declined to meet and confer and instead filed their Oppositions. (Id.) The Court finds that Plaintiff's advanced notice to Defendants of the Bill of Costs before it was filed and his attempt at meeting and conferring about the costs satisfies Local Rule 52.4(c).

II.Prevailing Party

Plaintiff asserts he is the prevailing party for purposes of costs because he obtained injunctive relief against the seventeen hotels, the expansion of disabled-accessible guestroom inventory, policy changes regarding reservations of such rooms and $50,000 in statutory damages. Defendants agree that he is the prevailing party, but only as to the Defendants that executed Consent Decrees. (Aqua Opp. at 7.) Defendants assert that Plaintiff is not the prevailing party "as to defendants who were named in and served with the Third Amended Complaint but

4

did not enter into consent decrees with Plaintiff." (Id.)  Those Defendants are:

1. The Bamboo Trading Company, LLC dba Bamboo Mahi Trading Company
2. Cunha 'Aina LLC
3. Diamond Resort Hawaii Owners Association
4. Mary Charles
5. CP Aloha Surf, LLC
6. Hawaiiana Management Co., Ltd.
7. Honolulu Hotel Operating Corporation
8. Kauai Beach Resort Association
9. Laeroc Waikiki Parkside, LLC, and
10. Faraz Daneshgar

(Id.)

In his Reply, Plaintiff withdraws his claim for litigation expenses from the foregoing Defendants.  Nevertheless, Plaintiff did prevail as to every other Defendant that signed the Consent Decrees and because Plaintiff only seeks costs from those Defendants, the Court finds that Plaintiff is the prevailing party for purposes of the costs he currently seeks.

III.         Joint and Several Liability

Plaintiff asks the Court to assess the requested costs jointly and severally.  (Plaintiff Memo at 4.)  Defendants contend that they should not be held jointly and severally liable.  (Aqua Opp. at 9.)

In support of his request for joint and several liability, Plaintiff cites to In re Paoli RR. Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).  (Plaintiff Memo

at 4.) In that case, nineteen plaintiffs brought a toxic tort case against multiple defendants; the defendants prevailed at trial. In re Paoli, 221 F.3d at 453-54. The defendants were awarded $184,675.12 in costs, and the plaintiffs were jointly and severally liable for this amount. Id. at 455. On appeal, the Third Circuit was faced with deciding whether the district court abused its discretion "in imposing liability for costs jointly and severally among the Plaintiffs." Id. at 468-70.

The Third Circuit noted that it is within the discretion of a district court to "choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." Id. at 469. The court found that the costs "appear[ed] so intertwined with each other that the District Court did not abuse its discretion by not disaggregating them." Id. at 454. In other words, the Court could not apportion costs between the plaintiffs because there was "no evidence suggesting that these costs could be connected – to a greater or lesser degree – with any of the particular Plaintiffs." Id. at 470. Consequently, because the costs were so intertwined such that the district court could not apportion the costs, the Third Circuit held that the district court did not abuse its discretion in holding the plaintiffs jointly and severally liable for the costs. Id.

Unlike in In re Paoli, the costs sought by Plaintiff in the present case are not intertwined and can be apportioned between each Defendant. Indeed, Plaintiff

6

presents invoices that clearly attribute costs for service to each particular Defendant. Filing fee and transcript costs can be shared by all Defendants equally, as discussed below. Therefore, because the costs are not so intertwined, the Court exercises its discretion to apportion the costs to each Defendant rather that jointly and severally.

IV.     Filing Fee

Plaintiff seeks to recover his filing fee of $350. The filing fee is taxable as "[f]ees of the clerk" under 28 U.S.C. § 1920(1). See You v. Longs Drugs Stores Cal., Civ. No. 11-00530 SOM-RLP, 2013 WL 2156426, at *1 (May 16, 2013) (holding that the filing fees paid to the court are taxable under section 1920(1)). The Court recommends that the $350 filing fee be divided equally by the total number of Defendants that Plaintiff seeks costs from, which is 32 Defendants. Therefore, the Court recommends that each of the 32 Defendants pay Plaintiff $10.94 for filing fee costs ($350 ÷ 32 Defendants = $10.94 per Defendant). These amounts are reflected in Exhibit A for each Defendant.

V.      Service of the Second Amended Complaint

Plaintiff seeks to recoup $900 for service of the Second Amended Complaint upon the following thirteen Defendants:

1. Best Western International, Inc.
2. CR Nahua, LLC
3. AOAO of Ilikai Hotel Condominium
4. Sasada International LLC

    5. CR Wave LLC
    6. Palms of Waikiki
    7. SFI Kauai Owner, LLC
    8. RKL Beachside LLC
    9. Coconut Plaza Hotel Assoc. LLC
    10. Queen Emma Land Co.
    11. Island Colony Partners
    12. Hotel Management Services
    13. Maile Sky Court Co., Ltd.

(Phillips 3/17/2014 Decl'n ¶ 4.) Plaintiff asks that the $900 in service costs be equally divided among the thirteen Defendants, resulting in each of these Defendants paying $69.23 ($900 ÷ 13 Defendants = $69.23 per Defendant) for service of the Second Amended Complaint.

  Defense counsel notes that, although Plaintiff paid $900 to Process Servers of Hawaii to serve the thirteen Defendants, he did not receive a final billing from Process Servers. (Id.) Defendants do not dispute that they were served the Second Amended Complaint, but they argue that these costs must be denied because Plaintiff does not present invoices for these costs.

  Local Rule 54.2(c) governs the contents of Plaintiff's Bill of Costs. It states that Plaintiff's counsel shall provide "an affidavit that the costs claimed are correctly stated [and] were necessarily incurred." LR 54.2(c). It also provides that "vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits." Id. Plaintiff's counsel's declaration states that $900 was

paid to Process Servers of Hawaii to serve the Second Amended Complaint on the thirteen Defendants.  Although Plaintiff did not receive an invoice for the service costs, the Court finds Plaintiff's declaration sufficiently states that the "costs claimed are correctly stated [and] were necessarily incurred."  (Phillips 3/17/2014 Decl'n ¶ 4.)  Consequently, the Court recommends that each of the thirteen Defendants named above pay Plaintiff $69.23 in costs for service of the Second Amended Complaint.  These costs are reflected in Exhibit A for the thirteen Defendants.

VI.	Service of the Third Amended Complaint

Plaintiff seeks to recover costs incurred in serving the Third Amended Complaint on various Defendants.  (Plaintiff's Ex. 2.)  Defendants raise various objections to these costs.

First, Defendants argue that Plaintiff's use of a service processer in California resulted in "out of state charges" for serving the Defendants in Hawaii. The Court agrees that Plaintiff could have used a local processer instead of incurring out-of-state charges and recommends that such charges be denied.  The invoices for Defendants who were not charged an out-of-state fee reflect that the cost of service was $50 per Defendant for service of the Third Amended Complaint. Consequently, the Court recommends that each Defendant who was served the Third

Amended Complaint be assessed a $50 fee for service.

Second, Defendants argue that that they should not be liable for "rush handling" fees. However, Plaintiff rushed the service of the Third Amended Complaint at the Court's direction. Not all Defendants were assessed a rush handling cost, but the fee for that cost was $30 per Defendant.[2] The Court recommends that Defendants who were charged the rush fee pay $30 to Plaintiff.

Third, Defendants challenge the costs listed on the invoices for "copies." Neither the invoices nor the attorney affidavit comply with Local Rule 54.2(f)(4), which requires the following information for copy costs: "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." Thus, the Court recommends that the copy costs be denied.

Fourth, Defendants CR Nahua LLC and CR Wave LLC dispute Plaintiff's "double service." Each of these Defendants was served the Third Amended Complaint twice. (Plaintiff's Ex. 1 at 13 & 21 (service of CR Nahua LLC) and at 22 & 23 (service of CR Wave LLC).) It was unnecessary to serve each Defendant twice. The Court therefore recommends striking the duplicative service costs for these Defendants. Specifically, the Court recommends that CR Nahua pay

---

[2] The one exception is Defendant Black Diamond Hospitality Investments, LLC, which was charged $75 for rushed service instead of $80 ($50 service fee + $30 rush fee).

$50 for service of the Third Amended Complaint (Plaintiff's Ex. 1 at 13 & 21) and CR Wave pay $80 for service and "rush handling" (Plaintiff's Ex. 1 at 22 & 23).

Fifth, certain Defendants argue that they should not be held liable for the costs attributed to other Defendants. For example, (1) Defendant Sasada International argues that it should not be liable for the cost to serve Defendant Queen Emma Land Co. (Sasada Opp. at 5.), (2) Defendant AOAO of the Aloha Surf argues that it should not be liable for the cost to serve Defendant Paulin Group, LLC (AOAO Aloha Surf Opp. at 3), and (3) Defendant Copley Investment Group, LLC contends that it should not be liable for the cost of serving Defendant Joss Hotel Partners, LLC[3] (Copley Opp. at 9). The Court agrees that each Defendant should bear only the costs attributed to it; no Defendant is liable for costs attributed to other Defendants. Exhibit A reflects the total costs that each Defendant must pay.

Lastly, Defendant Beachtree Properties asserts that it should not be liable for service costs of the Third Amended Complaint because Plaintiff did not file a Return of Service. (Beachtree Opp. at 3.) Although no Return of Service appears on the docket, after the Third Amended Complaint was filed naming Beachtree Properties as a Defendant, attorney Lynne Toyofuku appeared in the case on behalf of Beachtree. (Doc. 148 Notice of Appearance.) Thereafter, Beachtree

---

[3] Although a representative for Joss Hotel Partners, LLC did not sign the Consent Decree, Robert P. Richards signed the Consent Decree as attorney for Joss Hotel Partners, LLC. (Doc. 338.)

fully participated in the case by filing an Answer to the Third Amended Complaint and other documents. (Doc. 188 Beachtree Answer.) Further, Plaintiff provides an invoice for service upon Beachtree. (Ex. 1 at 10.) Accordingly, the Court finds, for purposes of awarding service costs, that Defendant Beachtree Properties was served the Third Amended Complaint and is liable for service costs.

VII.   Cost of Deposition Transcript

Plaintiff also seeks $647.41 for the deposition transcript costs of William Farnsworth, who Plaintiff says "was the designated person most knowledgeable from Aqua Hotels & Resorts, LLC as to the identity of the various franchisees, leaseholders, and landowners from the various hotels." (Phillips 3/17/2014 Decl'n ¶ 3.) Plaintiff says the deposition testimony was necessary to identify the various Defendants. (Id.)

Section 1920(2) provides for the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(f)(2) provides for the taxation of the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." Because the deposition of Farnsworth was necessary for Plaintiff to identify Defendants, the Court finds that it was "necessarily obtained for use in the case." However, Plaintiff is only allowed to

12

recover the cost of the original transcript plus one copy. LR 54.2(f)(2). The Court therefore finds that Plaintiff may recover $449.28 for the original transcript fee, $10.00 for the condensed copy of the transcript, and sales tax of $21.64 (4.712% of ($449.28+$10.00) = $21.64), for a total of $480.92. (Plaintiff's Ex. 1 at 43.) The Court recommends that the other fees on the invoice – i.e., appearance fee, electronic retention fee, messenger fee, and signature fee – be denied as unauthorized by 28 U.S.C. § 1920 or Local Rule 54.2.

The Farnsworth deposition took place before the filing of the Third Amended Complaint and helped Plaintiff identify the Defendants named in that Complaint. (Plaintiff's Ex. 1 at 43.) Consequently, the Court recommends that the cost of the Farnsworth transcript be divided equally between the Defendants from whom Plaintiff seeks costs and who were named in the Third Amended Complaint. Of the 32 Defendants that Plaintiff seeks costs from, four of them were not named in the Third Amended Complaint.[4] Therefore, the Court recommends the cost of Farnsworth's deposition transcript be divided by the 28 remaining Defendants, with each of them paying $17.18 for the transcript costs ($480.92 ÷ 28 Defendants = $17.18 per Defendant). These amounts are reflected in Exhibit A for the 28 Defendants who were served the Third Amended Complaint.

---

[4] The four Defendants who Plaintiff seeks costs from but were not named in the Third Amended Complaint are: Best Western International, Inc., AOAO of Ilikai Hotel Condominium, Palms of Waikiki, and Queen Emma Land Co.

VIII. Summary of Costs Awarded to Plaintiff

Exhibit A reflects the Court's recommendations above and lists the costs attributable to each Defendant.

CONCLUSION

In light of the foregoing, the Court finds and recommends that Plaintiff's Amended Bill of Costs (Doc. 378) be GRANTED IN PART and DENIED IN PART. The Court recommends that each Defendant be ordered to pay the costs attributed to it in Exhibit A. The Court recommends that each Defendant be liable for its own costs and that Plaintiff's request for joint and several liability be denied.

Any Objection to this Findings and Recommendation shall comply with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2014.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Muegge v. Aqua Hotels and Resorts, Inc., CIV. NO. 09-614 LEK-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S AMENDED BILL OF COSTS.