FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Mar 31, 2015**
SUE BEITIA, CLERK

| | | |
|---|---|---|
| ED MUEGGE, | ) | CIV. NO. 09-00614 LEK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION FOR AN |
| AQUA HOTELS AND RESORTS, | ) | AWARD OF REASONABLE |
| INC., ET AL., | ) | STATUTORY ATTORNEY FEES, |
| | ) | LITIGATION EXPENSES AND |
| Defendants. | ) | COSTS |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE STATUTORY ATTORNEY FEES, LITIGATION EXPENSES AND COSTS

Before the Court is Plaintiff Ed Muegge's ("Plaintiff") Motion for an

Award of Reasonable Statutory Attorney Fees, Litigation Expenses and Costs

("Motion"), filed March 27, 2014.   (Doc. 355.)   On June 6, 2014, Defendant Aqua

Hotels and Resorts, Inc., filed an "Omnibus Opposition" articulating various general

objections to Plaintiff's Motion that apply to all Defendants in this case.[1]   (Doc. 379

---

[1] The parties specifically identified by, and joining in, the Omnibus Opposition are:   Aqua Hotels and Resorts, Inc.; Aqua Hotels and Resorts, LLC; SFI Kauai Operator LLC; SFI Kauai Owner LLC; Association of Apartment Owners of Kauai Beach; Granite Fund IV, LLC; Black Diamond Hospitality Investments, LLC; Black Diamond Management, Inc.; Castle & Cooke Resorts, LLC; Lanai Hospitality Partners, LLC, incorrectly identified as Hotel Lanai, LLC; Hawaii Polo Inn, LLC; Coconut Plaza Hotel Associates, LLC; Paulin Group LLC; Maile Sky Court Co., Ltd.; Hotel Management Services, LLC; RKL Beachside LLC; CP Aloha Surf, LLC; Joss Hotel Partners LLC; Diamond Resort Hawaii Owners Association, Inc.; Hawaiiana Management Co., Inc.; Kai Management Services, LLC; Honolulu Hotel Operating Corporation; SFI Ilikai Property Owner LLC; and SFI Ilikai Retail Owner LLC.   (Doc. 379.)   Other parties also submitted substantive joinders to the Omnibus Opposition, including:   Sasada International, LLC (Doc. 383); Association of Apartment Owners of the Aloha Surf (Doc. 388); Association of Apartment Owners of Palms at Waikiki (Doc. 387); Beachtree Properties, LLC (Doc. 392); Association of Apartment Owners of Bamboo (Doc. 393);

at 17.)   Subsequently, the individual Defendants filed Substantive Joinders,

incorporating arguments contained in the Omnibus Opposition as they related to

each individual Defendants' hotel property.   (See Doc. 379, Docs. 380-397.)

Plaintiff filed a single reply to the Omnibus Opposition on July 14, 2014.   (Doc.

402.)

On October 14, 2014, the Court found this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawaii ("Local Rules").   (Doc.

412.)   The Court also ordered the parties to submit supplemental briefing clarifying

the attorneys' fees and costs being requested.   (Id.)   On November 4, 2014,

Plaintiff filed his Memorandum in Support of his Motion for Attorneys' Fees,

including additional exhibits and supplemental declarations.   (Docs. 415, 416, 417,

418, 421, 423.)   On December 1, 2014, Defendants filed their respective

Supplemental Memoranda in Opposition.   (Docs. 424-434.)

After careful consideration of the Motion, as well as the supporting and

opposing memoranda, and the relevant legal authority, the Court FINDS and

RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN

PART.   Attached to this Findings and Recommendation are "Exhibit A" and

---

Association of Apartment Owners of the Island Colony and Island Partners (Doc. 394); Copley Investment Group, LLC (Doc. 395); CR Wave LLC (Doc. 396); and CR Nahua LLC (Doc. 397).   Collectively, these parties will hereinafter be referred to as "Defendants."

"Exhibit B-2," which reflect the fees and costs attributable to each individual Defendant.   Specifically, the Court recommends Plaintiff be awarded $389,862.40 in fees and $170,705.67 in costs.   The Court further recommends that Plaintiff's request for joint and several liability as to all billable time be denied, and instead, the Court recommends that fees be apportioned amongst the thirty-two defendants individually.   The Court further finds that both Plaintiff's request for an upward adjustment of the lodestar and Defendant's request for a downward adjustment of the lodestar, are unwarranted.   Therefore, the Court recommends that these requests be denied.   As such, the Court recommends that Defendants be liable only for the fees and costs attributed to each of them in Exhibits A and B-2.

## FACTUAL BACKGROUND

As the Court and the parties are extensively familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the Motion currently before the Court.

On December 23, 2009, Plaintiff filed his Original Complaint in this Court, pleading the following causes of action:   (1) a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); (2) a violation of Hawaii Revised Statutes ("HRS") Chapter 489; (3) a violation of HRS Chapter 291; and (4) declaratory relief.   (See generally, Doc. 1)   With respect to these claims,

Plaintiff sought (1) "[g]eneral, compensatory, and statutory damages, and all damages as afforded by Section 489-7.5, including treble damages"; (2) injunctive relief permanently enjoining defendants from operating their facilities in violation of the ADA and requiring them to make reasonable modifications to their facilities in order to allow use by individuals with disabilities; (3) civil penalties pursuant to HRS § 291-58; and (4) an award of attorneys' fees and costs.   (Doc. 1 at 13-14.) Plaintiff's complaint was amended twice to add parties as defendants; however, Plaintiff's complaint maintained the same claims and requested the same relief despite the various amendments.   (See Docs. 22, 67.)

On March 3, 2014, the parties filed sixteen Consent Decrees, which voluntarily dismissed, with prejudice, all of Plaintiff's claims against all but one remaining Defendant.   (Docs. 325-340.)   The following day, the parties filed an Ancillary Consent Decree by and between Plaintiffs and Defendants Aqua Hotels and Resorts, Inc., and Aqua Hotels and Resorts, LLC.   (Doc. 341.)   On March 7, 2014, Plaintiff filed an additional Consent Decree, voluntarily dismissing all of Plaintiff's claims against the last remaining Defendant, with prejudice.   (Doc. 344.) In all, United States District Judge Leslie E. Kobayashi approved eighteen consent decrees covering seventeen Aqua-branded hotels and properties, and entered Orders for each.   (See Docs. 325-341, 344.)

All eighteen consent decrees entered into by the parties include Aqua's corporate identities – Aqua Hotels and Resorts, Inc., and Aqua Hotels and Resorts, LLC – as named Defendants. (Doc. 415 at 2.) Many of the seventeen hotels covered by the consent decrees have more than one entity with ownership interests, all of which are individually-named Defendants in the consent decree covering their respective hotel. (Doc. 415 at 2.) In addition to Aqua's corporate identities, the Aqua Hotels and owners covered by the consent decrees are as follows:

| 1) | **Aloha Surf** | AOAO of the Aloha Surf Hotel; Paulin Group, Inc. (Doc. 340; Doc. 415-2 at 310) |
|---|---|---|
| 2) | **Bamboo** | AOAO of the Bamboo; Paulin Group, Inc. (Doc. 325) |
| 3) | **Beachside** | RKL Beachside LLC; Kowa Waikiki LLC (Doc. 328) |
| 4) | **Coconut Plaza** | Coconut Plaza Hotel Associates, LLC (Doc. 339) |
| 5) | **Continental Surf** | Copley Investment Group, LLC; Joss Hotel Partners, LLC (Doc. 338) |
| 6) | **Equus** | Hawaii Polo Inn, LLC (Doc. 337) |
| 7) | **Hotel Lanai** | Lanai Hospitality Partners, LLC; Castle & Cooke Resorts, LLC (Doc. 336) |
| 8) | **Ilikai** | SFI Ilikai Property Owner LLC; SFI Ilikai Retail Owner LLC; AOAO at The Ilikai Apartment Building; Hotel Management Services, LLC (Doc. 333) |
| 9) | **Island Colony** | AOAO of the Island Colony; Island Colony Partners (Doc. 332) |
| 10) | **Kauai Beach Resort Hotel** | AOAO of the Kauai Beach Resort; SFI Kauai Operator LLC; SFI Kauai Owner LLC (Doc. 331) |
| 11) | **Maile Sky Court** | Maile Sky Court Co., Ltd. (Doc. 344) |
| 12) | **Maui All-Suites, Hotel Wailea** | Black Diamond Hospitality Investments, LLC; Granite Fund IV, LLC; Black Diamond Management, Inc. (Doc. 334) |
| 13) | **Hotel Molokai** | Beachtree Properties, LLC (Doc. 335) |
| 14) | **Palms at Waikiki** | AOAO of the Palms at Waikiki (Doc. 330) |
| 15) | **Park Shore** | Sasada International, LLC (Doc. 329) |

| 16) | **Pearl** | CR Nahua, LLC (Doc. 327) |
| 17) | **Wave** | CR Wave, LLC (Doc. 326) |

Plaintiff now moves for attorneys' fees in the amount of $770,732.70,[2] and for taxable and nontaxable costs in the amount of $1,175,467.34, [3] (Doc. 423-2 at 2), for a total award of $ 1,946,200.04.   Although not requested in Plaintiff's supplemental briefing to this Court, Plaintiff originally requested a multiplier enhancement of 2.0 to the total lodestar amount awarded.   (Doc. 402 at 44; Doc. 405.)   Plaintiff maintains that the fees and costs he seeks in the instant motion stem from legal work performed in this case relating to the various entities associated with seventeen Aqua-branded hotel properties.   Additionally, Plaintiff requests fees for time and expenses related to all seventeen Aqua properties concurrently, as recorded by Plaintiff under an "Aqua General" category; Plaintiff maintains that fees and costs in this category cannot be separated amongst the individual Defendants, and should be apportioned to each Aqua property equally.   (Doc. 415-1 at 5-6, ¶ 14.)   Plaintiff notes, however, that each Aqua corporate entity, i.e., Aqua Hotels and Resorts, Inc., and Aqua Hotels and Resorts, LLC, are equally responsible for the

---

[2] Specifically, Plaintiff requests attorneys' fees for Lunsford Phillips (812.9 hours) and Timothy Thimesch (1,099.1 hours) at a rate of $350.00 per hour plus Hawaii General Excise Tax (4.712 %) for a total of 1,912 hours.   (See Doc. 355-1 at 5, ¶ 16; Doc. 356 at 2, ¶ 3; Doc. 415 at 5.)   Based on the total amount of hours reflected in Plaintiff's Exhibits to the Supplemental Memorandum in Support of his Motion for Attorneys' Fees and Costs, and according to this Court's calculation, Plaintiff appears to request attorneys' fees in the amount of $700,732.70.

[3] Plaintiff provides a "Revised Total Costs" exhibit, listing the total amount of costs assessed against each of the individual defendants.   (See Doc. 423; Doc. 423-2.)   According to the list submitted by Plaintiff, the total revised costs amounts to $1,175,467.34.   (Id.)

entire attorneys' time and litigation costs.   (Doc. 415-1 at 6, ¶ 15.)

<h1 style="text-align:center">DISCUSSION</h1>

**I.** **Attorney's Fees**

 **A.**  **Entitlement to Attorneys' Fees**

   In any action or administrative proceeding commenced pursuant to the ADA, 42 U.S.C. § 12205 provides that the court, in its discretion, "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]"   Here, Plaintiff argues that as the prevailing party in this action, he is entitled to attorneys' fees for 1,912 hours of legal work performed by his attorneys, Lunsford D. Phillips ("Mr. Phillips") and Timothy S. Thimesch ("Mr. Thimesch"), at a rate of $350.00 per hour plus Hawaii General Excise Tax ("GET") of 4.712%. (Doc. 415 at 5; Doc. 355-1 at 5, ¶ 16; Doc 356 at 2, ¶ 3.)   Plaintiff further argues that the requested rates are justified in light of counsel's experience, skill, and reputation; the number of hours billed is reasonable in light of the result; and a 2.0 multiplier enhancement of the lodestar is justified due to the "substantial risk, time, and expense of the litigation[.]"   (Doc. 355 at 2; Doc. 355-1; Doc. 356.)   Defendants generally contend, inter alia, the requested sum is "unreasonable" and "excessive," and that Plaintiff's Request for an upward enhancement of the lodestar should be denied.   (See generally, Doc. 379.)

Because Plaintiff failed to present his fee request in a clear and organized manner, and due to the numerous errors in Plaintiff's own mathematical calculations, the Court was forced to rely on its own calculations in determining the amount of attorneys' fees requested and actually supported in this case.   Based on this Court's review of thousands of pages of disorganized and unclear submissions to the Court, the following table indicates the Court's calculation of the fees requested in this case:[4]

| Aqua Property Responsible for Fees | Total Number of Hours Requested[5] | Hourly Rate ($ 350.00/hour) | Hawaii G.E.T. (4.712 %) | Total Amount of Fees Requested |
|---|---|---|---|---|
| **Aloha Surf** | 89.1 | $ 31,185.00 | $ 1,469.43 | **$32,654.43** |
| **Bamboo** | 96.9 | $ 33,915.00 | $ 1,598.07 | **$ 35,513.07** |
| **Beachside** | 122.4 | $ 42,840.00 | $ 2,018.62 | **$ 44,858.62** |
| **Coconut Plaza** | 118.3 | $ 41,405.00 | $ 1,951.00 | **$43,356.00** |
| **Continental Surf** | 61.7 | $ 21,595.00 | $ 1,017.55 | **$ 22,612.55** |
| **Equus** | 52.3 | $ 18,305.00 | $ 862.53 | **$ 19,167.53** |
| **Hotel Lanai** | 64.5 | $ 22,575.00 | $ 1,063.73 | **$ 23,638.73** |
| **Ilikai** | 100.0 | $ 35,000.00 | $ 1,649.20 | **$ 36,649.20** |
| **Island Colony** | 94.3 | $ 33,005.00 | $ 1,555.19 | **$ 34,560.19** |
| **Kauai Beach Resort** | 140.3 | $ 49,105.00 | $ 2,313.82 | **$ 51,418.82** |
| **Maile Sky Court** | 95.8 | $ 33,530.00 | $ 1,579.93 | **$ 35,109.93** |

[4]  This table is based on the Court's review of Plaintiff Counsel's timesheets and requested hourly rate.   (See Doc. 415-1, and Exhibits attached thereto.)

[5]  In addition to the fees requested for work performed and attributable to each of the seventeen individually-listed hotels, Plaintiff also requests 679.2 hours attributable to the "Aqua General" category.   Plaintiff requests that the hours attributable to the Aqua General category be prorated and attributed to each individual hotel equally.   As such, the "Total Hours Requested" in the table includes the 40 hours attributed to each hotel for its 1/17th prorated share of the hours reported under the Aqua General category.   Thus, this table, which is inclusive of hours reported and assessed against the Aqua Corporate entities, reflects the total amount of hours requested in Plaintiff's motion.

| | | | |
|---|---|---|---|
| **Maui All-Suites** | 100.1 | $ 35,035.00 | $ 1,650.84 | **$ 36,685.84** |
| **Hotel Molokai** | 230.8 | $ 80,780.00 | $ 3,806.35 | **$ 84,586.35** |
| **Palms at Waikiki** | 101.6 | $ 35,560.00 | $ 1,675.58 | **$37,235.58** |
| **Park Shore** | 120.5 | $ 42,175.00 | $ 1,987.28 | **$44,162.28** |
| **Pearl** | 112.0 | $ 39,200.00 | $ 1,847.10 | **$41,047.10** |
| **Wave** | 94.2 | $ 32,970.00 | $ 1,553.54 | **$ 34,523.54** |
| *TOTALS:* | **1,794.8** | **$ 628,180.00** | **$ 29,599.76** | **$ 657,779.76** |

The Court will therefore analyze Plaintiff's entitlement to attorneys' fees based on the calculations in the table above, that is, an actual total fee request of $657,779.76.

## B. Prevailing Party

"[F]or a litigant to be a prevailing party for the purpose of awarding attorneys' fees [under the ADA], he must meet two criteria: he must achieve a material alteration of the legal relationship of the parties, and that alteration must be judicially sanctioned." P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1172 (9th Cir. 2007) (internal quotation marks and citation omitted). The Ninth Circuit has further explained that a material alteration of the legal relationship occurs "when the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000) (brackets and citation omitted). In other words, the legal relationship is altered, and a plaintiff thus prevails, because the plaintiff is empowered to "force the defendant to do something he otherwise would not have to do." Id. (citation

omitted).

Plaintiff asserts he is the prevailing party for purposes of attorneys' fees because, as a result of his action in this Court, he successfully entered into eighteen Consent Decrees with Defendants which improved and expanded the accessibility of Defendants' various hotel amenities.   (See Doc. 357 at 3-8.)   "A settlement agreement meaningfully alters the legal relationship between parties if it allows one party to require the other party 'to do something it otherwise would not be required to do.'"   Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir. 2008) (quoting Fischer, 214 F.3d at 1118).   Here, the parties entered into a number of "Consent Decree[s], Settlement Agreement[s], Mutual Release[s], and Termination of Case with Prejudice" which provided a "full, complete and final disposition and settlement of all claims alleged against Defendants" and afforded Plaintiff a process to enforce and ensure Defendants' compliance with the terms required under the various Consent Decrees.   (See Docs. 325-341, 344.)   Inasmuch as Plaintiff is able to enforce the terms of the Consent Decrees against Defendants, Plaintiff has achieved a material alteration of the legal relationship of the parties that is judicially sanctioned by the Court.   Thus, Plaintiff is the prevailing party in this case and is therefore entitled to reasonable attorneys' fees.

## II.    Calculation of Fees

The Court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Beyond establishing a reasonable hourly rate, "a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained." U.S. v. Chung, Civ. No. 07-00570 ACK-BMK, 2010 WL 5388006, *3 (Dec. 17, 2010). "A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable." Id. (citation omitted). A court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case, and time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. Id. (citations and internal quotation marks omitted). The Court now turns to the reasonableness of Plaintiff's requested hourly rate.

### A.    Reasonable Hourly Rate

Here, Plaintiff requests an hourly rate of $350.00 per hour plus Hawaii General Excise Tax of 4.712 percent. "The reasonable hourly rate is that prevailing in the community for similar work." Tirona v. State Farm Mut. Auto. Ins. Co., 821

F. Supp. 632, 636 (D. Haw. 1993) (citation omitted).   In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.   See Webb v. Ada Cnty., 285 F.3d 829, 840 n.6 (9th Cir. 2002).   It is the burden of the fee applicant to produce satisfactory evidence, in addition to the affidavits of its counsel, demonstrating that the requested hourly rate reflects prevailing community rates for similar services of lawyers of reasonably comparable skill and reputation.   See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff requests an hourly rate of $350 per hour for Mr. Phillips.   Mr. Phillips is known to the Court to have litigated numerous ADA cases skillfully and expeditiously.   Mr. Phillips submitted an affidavit to the Court indicating that he was admitted to the Hawaii bar in 1988.   (Doc. 355-1 at 1, ¶ 2.)   Mr. Phillips' affidavit further indicates that he has handled civil rights and personal injury matters since 1993, and has handled nearly a thousand ADA cases over the past twenty-two years.   (Doc. 355-1 at 2, ¶¶ 6, 7.)   Mr. Phillips also submitted affidavits of other counsel knowable in this specialized area of law, both of which support the rate being sought by Mr. Phillips as reasonable.   (Doc. 355-4.)   Moreover, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.   Thus, based on this

Court's knowledge of the prevailing rates in the community and Plaintiff's submissions in this case, the Court finds that an hourly rate of $300 plus general excise tax is reasonable for Mr. Phillips.   See Shaughnessy v. TLLC, LLC, Civ. No. 09–00004 HG–LEK, 2009 WL 1054944, at *5 (D. Haw. Apr. 17, 2009) (finding hourly rate of $275 reasonable for Mr. Phillips); Parr v. TLLC, LLC, Civ. No. 06-00500 DAE-LEK, 2007 WL 1223447, at *4 (D. Haw. Apr. 23, 2007) (finding hourly rate of $275 reasonable for Mr. Phillips); Parr v. Thai Garden Lounge, Inc., Civ. No. 06-00019 DAE-LEK, 2007 WL 2156088, at *4 (D. Haw. July 20, 2007) (finding hourly rate of $275 reasonable for Mr. Phillips); Parr v. Club Peggy, Inc., Civ. No. 11-00505 JMS-BMK, 2012 WL 628863, at *4-5 (D. Haw. Jan. 19, 2012) (awarding Mr. Phillips attorneys' fees at the rate of $350 in a default judgment case where no opposition to his requested hourly rate was made and the total number of hours spent was small); Parr v. Kalani Corp., Civ. No. 11-00514 ACK-BMK, 2012 WL 1424538, at *3 (D. Haw. Apr. 3, 2012) (awarding Mr. Phillips attorneys' fees at the rate of $350 per hour in a default judgment case where no opposition to his requested hourly rate was made and the total number of hours spent was small).

Plaintiff also requests an hourly rate of $350 per hour for Mr. Thimesch.   Mr. Thimesch, admitted to this Court pro hac vice, was admitted to the California bar in 1990.   (Doc. 356 at 2, ¶ 5.)   Mr. Thimesch maintains that his

current billing rate is $771 per hour, however, in this case, Mr. Thimesch requests a

billing rate of $350 per hour plus Hawaii GET of 4.712%.   (Doc. 356 at 1-2, ¶ 2.)

Mr. Thimesch's law practice is dedicated entirely to litigating disabled access under

the ADA, and he has done so for last eighteen years.   (Doc. 356 at 2, ¶ 26.)   Despite

Mr. Thimesch's apparent expertise in the area of ADA litigation, Mr. Thimesch

failed to submit affidavits of other counsel knowable in this specialized area that

could attest to the rate being sought by Mr. Thimesch as reasonable.   While the

exhibits Mr. Thimesch submitted in support of his affidavit extensively cover

reasonable rates of paralegals, legal assistants, law clerks, and law students, (see

Doc. 358-6), it fails to provide this Court with any information as to whether the rate

being sought by Mr. Thimesch is reasonable according to prevailing rates in this

community.   Absent any evidence, other than his own declaration and the support

of Mr. Phillips, Mr. Thimesch has failed to show that his requested rate of $350 is

within the prevailing rate in Hawaii for similar services by lawyers of reasonably

comparable skill, experience, and reputation.   Because the reasonable hourly rate

should reflect "the rates of attorneys practicing in the forum district," Almodova v.

City & Cnty. of Honolulu, Civ. No. 07-00378 DAE-LEK, 2010 WL 1372298, at *9

(D. Haw. Mar. 31, 2010), adopted by 2010 WL 1644971 (D. Haw. Apr. 20, 2010)

(citing Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)), this Court finds

that an hourly rate of $275 plus Hawaii GET is a reasonable rate for Mr. Thimesch.

See Almodova, 2010 WL 1372298, at *9 (finding reasonable an hourly rate of $285

for an out-of-state attorney with over 30 years of experience); Riker v. Distillery,

Civ. No. 08-00450 MCE-JFM, 2009 WL 4269466, at *2 (E.D. Cal. Nov. 25, 2009)

(finding that a reasonable hourly rate for Mr. Thimesch, in his home jurisdiction,

was $250 per hour).

## B. Reasonableness of Hours Expended

Beyond establishing a reasonable hourly rate, a party seeking

attorneys' fees bears the burden of proving that the fees and costs sought are

associated with the relief requested and are reasonably necessary to achieve the

results obtained. See Tirona, 821 F. Supp. at 636. In determining reasonable fees,

the Court must subtract hours which were duplicative, unproductive, excessive, or

unnecessary, and must also assess the extent to which fees and costs could have been

avoided or were self-imposed. Id. at 636, 637. The Court has "discretion to trim

fat from, or otherwise reduce, the number of hours claimed to have been spent on the

case," and time expended on work deemed "excessive, redundant, or otherwise

unnecessary" shall not be compensated. Robinson v. Plourde, 717 F. Supp. 2d

1092, 1099 (D. Haw. 2010) (internal quotation marks and citation omitted).

As an initial matter, the Court is intimately knowledgeable about the

facts and procedural history of this case, and is aware that much of the inefficiencies in prosecuting this action were brought about by the large number of defendants and properties Plaintiff choose to include in this single action.   Further, there were numerous difficulties stemming from Plaintiff's decision to retain both Mr. Phillips and Mr. Thimesch as co-counsel in this matter.   Moreover, Plaintiff submitted thousands of pages of disorganized and unclear submissions to the Court in support of its Motion.   It is not incumbent on the Court to decipher the thousands of pages of Plaintiff's submissions in order to determine the precise amount of hours Plaintiff's counsel spent with respect to the multiple hotels and numerous Defendants.   Nevertheless, as outlined below, the Court has analyzed Plaintiff's submissions, and Defendants' oppositions thereto, and hereby finds that a deduction from both Mr. Phillips' and Mr. Thimesch's time is warranted.   Accordingly, the Court recommends that Plaintiff be awarded attorneys' fees in the amount of $389,862.40, as detailed below and in "Exhibit A" to this Findings and Recommendation.

## 1.    Aqua General Category

With regard to the "Aqua General" Category, Plaintiff seeks reimbursement of attorneys' fees for Mr. Phillips for a total of 333.1 hours, and for a total of 446.1 hours for Mr. Thimesch; this amounts to a total of 679.2 hours of legal

work performed under the "Aqua General" Category.[6]   (Doc. 415-2 at 27, 170.)

Based on the hourly rates this Court found reasonable, Plaintiff seeks reimbursement

in the amount of $104,638.70 for Mr. Phillips and $128,458.06 for Mr. Thimesch for

attorneys' fees attributable to the Aqua General category, for a total of $233,096.76.

        As an initial matter, the Court finds that despite the clear order to

Plaintiff requiring that fees attributed to a sub-group of Defendants be separate and

distinct from those fees incurred by all Defendants under the Aqua General category,

Plaintiff fails to appropriately revise his time entries as ordered.   Upon review of

Plaintiff's submissions, this Court has found multiple examples of fees being sought

inappropriately under the Aqua General category, which are clearly attributable to a

sub-group of Defendants.   It is not this Court's prerogative to surmise as to the

proper Defendant to assess these fees against, nor is it this Court's responsibility to

sift through the thousands of time entries to correct Plaintiff's inaccuracies.

Inasmuch as Plaintiff chose to proceed against thirty-two defendants representing

seventeen hotels in a single case, Plaintiff is now responsible for bearing the burden

of accurately and sufficiently recording its fees with respect to these thirty-two

individual defendants.   In large part, Plaintiff has failed to do so.   It is

---

[6] The Court notes that Plaintiff requests reimbursement of the same Aqua General category fees three times – once in relation to Aqua Hotels and Resorts, Inc., a second time in relation to Aqua Hotels and Resorts, LLC, and finally in relation to the seventeen individual hotels, under which Plaintiff prorated the hours (40 hours per hotel) attributable to this category and assessed these hours against the individual hotels.   The Court will not permit Plaintiff a triple-recovery of fees attributable to the Aqua General category, and therefore, these fees will be pro-rated amongst the applicable individual defendants, as discussed in more detail below.

unreasonable and inappropriate to assess fees against a particular Defendant for time spent litigating claims attributable solely to another Defendant or group of Defendants.   Upon review of Plaintiff's submissions, the Court finds that 8.2 hours of Mr. Phillips' time and 25.1 hours of Mr. Thimesch's time is clearly attributable to a sub-group of Defendants, as opposed to all Defendants as a whole under the Aqua General category.   Accordingly, because the Court is unable and unwilling to determine the proper Defendant(s) to assess such fees against, the Court recommends that this time that Plaintiff has failed to properly apportion to a specific sub-group of Defendants under the Aqua General category be deducted in its entirety.

Moreover, although Plaintiff generally apportions these Aqua General fees between the seventeen Aqua-branded hotels involved in this lawsuit, the Court finds it appropriate to apportion these fees between the thirty-two defendants with ownership and management interests in the various Aqua hotels, as opposed to taxing fees against the seventeen individual hotels.   Accordingly, fees properly attributable to the Aqua General category will be pro-rated amongst the thirty-two defendants.   (See Exhibit A; see also note 6, supra.)   The Court will now address the various objections raised with respect to the Aqua General category.

### a. Duplicative, Redundant, and Excessive Hours

Defendants first argue that this Court should exclude from Plaintiff's attorneys' fees request hours that are excessive, redundant, and duplicative. (Doc. 379 at 28-29.) Hours that are excessive, redundant, or otherwise unnecessary must be excluded. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Tirona, 821 F. Supp. at 637. "Redundant hours generally occur where more than one attorney represents a client." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1301-1302 (11th Cir. 1988). Generally, the Court does not permit more than one attorney to bill for attending (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. Seven Signatures General Partnership v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1055 (D. Haw. 2010) (citations omitted). Further, when Plaintiff's counsel meet or confer with one another, this Court typically deducts the duplicative time billed. In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest-billing attorneys where three attorneys billed time spent attending a meeting together). When a plaintiff chooses to retain more than one attorney to prosecute his or her case, the plaintiff, as the applicant for attorneys' fees, has the burden of demonstrating that where more than one attorney is involved, the time requested reflects the "distinct contribution" of each attorney. James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1341, 1349

(S.D. Fla. 2007).

Defendants maintain that Plaintiff's counsel engaged in redundant and duplicative work, and that counsel spent excessive hours communicating with each other. (Doc. 379 at 29.) This Court agrees. Defendants argue that the Court should apply a fifty percent reduction to the amount of attorney time incurred when Mr. Phillips and Mr. Thimesch communicated with each other. (Doc. 379 at 30.) The Court is familiar with the procedural history of this case, and while this was not the easiest of cases to litigate, there were no issues that made this case overly complex. Instead, this case was further complicated by the way in which Plaintiff choose to proceed – that is, choosing to sue seventeen hotels in one suit, and then seeking the assistance of co-counsel that did not reside or practice in Hawaii. Thus, the Court will deduct time that is redundant, duplicative, and excessive from Plaintiff's fee request, as follows.

The Court finds that Plaintiff's fee requests includes 1.8 hours in which counsel communicated with each other and that time was duplicatively billed, and therefore, the Court recommends that this time be deducted from Mr. Thimesch's request. See In re Mullins, 84 F.3d at 467 (deducting fees from the lowest-billing attorney). The Court further finds that Mr. Thimesch spent 12.1 hours communicating with co-counsel Mr. Phillips, providing and receiving unnecessary,

duplicative, and redundant reminders, acknowledgements, and updates; receiving

"read receipts" of emails sent to co-counsel; listening to and leaving voicemails for

co-counsel; receiving carbon copies of emails to opposing counsel, which appear to

contain information previously discussed by and between Plaintiff's counsel and for

which time was previously billed to client; discussing work assignment and

delegation of work; scheduling and calendaring dates and deadlines; and

reviewing/editing letters to various parties.    Inasmuch as Plaintiff's counsel both

have extensive litigation experience, the Court finds that time billed for the above

listed items were unnecessary and excessive.    See Robinson v. Plourde, 717 F.

Supp. 2d 1092, 1099 (D. Haw. 2010) (deducting time counsel spent reviewing and

editing co-counsel's work for "simple [] task[s]").    Finally, the Court deducts 23.2

hours from Mr. Thimesch's time that was billed for his appearance at Court

hearings, conferences, and depositions at which Mr. Phillips was also present.

Inasmuch as Mr. Thimesch has failed to articulate his distinct contribution to these

appearances, and also failed to argue that it was reasonable and necessary for a

"second chair" to appear, see Seven Signatures, 871 F. Supp. 2d at 1056, the Court

finds this time is unreasonable.    Accordingly, this Court recommends that a total of

37.1 hours be deducted from Mr. Thimesch's time.

## b. Clerical or Ministerial Tasks

Numerous time entries reflect billing for clerical/ministerial work and are thus non-compensable. "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., Civ. No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citation omitted). The following tasks are clerical in nature, and therefore, are not compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by 2010 WL 5395669 (D. Haw. Dec. 22, 2010).

Upon review of the time sheets submitted by counsel for work attributed to the Aqua General Category, this Court finds that 12.6 hours of Mr. Phillips' time and 24.6 hours of Mr. Thimesch's time is clerical in nature, and therefore, this Court recommends that this time be deducted from Plaintiff's

request.[7]

### c. Block Billing

District courts have the authority to reduce hours that are billed in block format "because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks." Robinson, 717 F. Supp. 2d at 1100; see also Hensley, 461 U.S. at 437 (holding that fee applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"). The term "block billing" refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. Robinson, 717 F. Supp. 2d at 1100. Because it is difficult, if not impossible, for the Court to determine the reasonableness of the reasonableness of the hours expended with respect to specific time entries that are block billed, the Court recommends an across-the-board reduction of 15% for the 25.7 hours that Mr. Thimesch submitted in the "block billing" format. See, id. (applying a 15% deduction for block billed entries). As such, the Court recommends that Mr. Thimesch's hours be reduced by 3.8 hours.

### d. Insufficient Documentation

Local Rule 54.3(d) requires that the party seeking an award of fees

---

[7] Because the entries reviewed and found to be clerical in nature are too numerous to list and reference here, the Court notes that a majority of these entries involved the review of Court-generated notices, scheduling and calendaring dates and deadlines, receiving and emailing documents, and communicating with Court staff.

"describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." Local Rule 54.3 further sets out guidance for properly documenting time entries, and provides:

> time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary; entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared and the activities associated with such preparation.

Local Rule 54.3(d)(2). Without proper documentation, this Court cannot evaluate the reasonableness of the requested fees. See Hensley, 461 U.S. at 433-34.

Upon review of Plaintiff's submissions, the Court finds that numerous entries are insufficiently documented, and therefore, the Court is unable to evaluate the reasonableness of the requested fees. Generally, numerous entries state that counsel worked on "follow-up lists," "loose ends," "bullet lists," and "multiple issues," or "received an email" and/or "wrote an email" without identifying the subject or purpose of the email or the sender and/or recipient. The Court is unable to determine the reasonableness of these entries, and therefore, recommends that 12.7 hours be deducted from Mr. Phillips' time, and that 3.1 hours be deducted from Mr. Thimesch's time.

### e. "Pre-Suit Investigation"

Defendants argue that Mr. Thimesch's entries regarding his "investigation" or discussions with Mr. Phillips to determine for himself if he wanted to seek pro hac vice admission in this lawsuit should be eliminated. (Doc. 379 at 34.) Defendants argue that such "personal evaluation" did not further the prosecution of the lawsuit, and therefore should not be compensable. This Court agrees. Generally, a prevailing party may recover fees for time spent before the formal commencement of the litigation, which would include such matters as attorney-client interviews, investigation of the facts of the case, and research on the viability of potential legal claims, because such time is "reasonably expended on the litigation" and is therefore compensable. See Webb v. Bd. of Educ. of Dyer Cnty., Tenn., 471 U.S. 234, 242 (1985) (citing Hensley, 461 U.S. at 433). Here, Plaintiff, then represented by Mr. Phillips, filed suit on December 23, 2009. (Doc. 1.) In February 2010, Mr. Phillips contacted Mr. Thimesch about appearing as co-counsel in the case. (See Doc. 415-2 at 5, 53.) By this time, the typical pre-litigation investigation was already completed by Mr. Philips and a complaint was filed in this Court. The time Mr. Thimesch took to determine whether he would join as co-counsel in this case, therefore, was not reasonably expended on the litigation, but rather, was the type of personal evaluation an attorney undertakes in determining

whether to represent a client in a matter. Therefore, the Court finds that the time

Mr. Phillips and Mr. Thimesch took to communicate regarding Mr. Thimesch's

possible involvement in the case was not "reasonably expended on the litigation,"

and therefore, is not compensable. As such, the Court recommends that 0.8 hours

be deducted from Mr. Phillips' time, and that 1.4 hours be deducted from Mr.

Thimesch's time.

### f.  Identification of Proper Defendants

Based on the Court's review of Plaintiff's submissions, it appears that

Plaintiff requests a total of 14.2 hours for time spent identifying the proper

defendants to be made a part of this case. A prevailing party may generally recover

fees for time spent before the formal commencement of the litigation, where such

time is "reasonably expended on the litigation." See Webb, 471 U.S. at 242 (citing

Hensley, 461 U.S. at 433). As noted above, much of the complexity in this case,

including the difficulties in determining the proper defendant, was a result of the

way in which Plaintiff choose to proceed against seventeen hotels in a single suit.

The Court finds that 14.2 hours spent solely on the identification of the proper

defendants in this case is grossly unreasonable and largely self-imposed. See

Tirona, 821 F. Supp. at 636-37 (noting that in determining reasonable fees, the Court

must subtract hours which were unproductive, excessive, or unnecessary, and must

also assess the extent to which fees and costs could have been avoided or were self-imposed).   Therefore, the Court finds that a 50% deduction of this time is reasonable, and recommends a deduction of 3.7 hours from Mr. Phillips' time, and a deduction of 3.4 hours from Mr. Thimesch's time.

### g.  Gene Farber

Upon review of counsel's time sheets, the Court notes that Mr. Thimesch attributes 0.2 hours receiving and responding to a letter from "Plaintiff's Co-Counsel Gene Farber."   (Doc. 415-2 at 114.)   Inasmuch as Mr. Farber has not made an appearance in this case and did not represent Plaintiff at any time during the pendency of this action, and because the entries relating to Mr. Farber do not contain any specificity as to Mr. Farber's contribution to the prosecution of this case, the Court finds that this time is unreasonable.   Accordingly, the Court recommends that this time be deducted from Mr. Thimesch's request.

### h.  Mr. Thimesch's Travel Time

Mr. Thimesch billed time on May 21, 2010, June 1, 2010, and September 4, 2010 for travel to and from Hawaii for two site inspection trips, and one entry, for 9.3 hours, for a "Round Trip to Home 10:30 AM Hawaiian 1:30 PM Pacific) – 10:45 PM Pacific."   (See Doc. 415-2 at 54, 57.)   The Court finds that the entry for 9.3 hours is insufficiently documented and does not provide any

information as to the work performed during this time, or the reason for the visit.

Accordingly, this Court recommends that this time be deducted from Mr.

Thimesch's billable hours.   The September 4, 2010 entry for 5.2 hours, and the May

21, 2010 entry for 7.5 hours, both appear to be time billed for travel to site

inspections of various hotels.   The Court finds that this time is attributable to a

specific sub-group of Defendants whose hotels were inspected during the respective

trips.   Inasmuch as Mr. Thimesch failed to identify the hotels inspected during these

visits, and because the Court is unable to determine which hotels were inspected

during these times, the Court finds that it is unreasonable to assess this time against

all of the Defendants under the Aqua General category.   Moreover, even assuming

Mr. Thimesch's entries identified the proper Defendant(s), the entries fail to indicate

what, if any, legal work was performed during this time of travel; therefore, this

travel time is not compensable.   Accordingly, the Court recommends that this time,

totaling 12.7 hours, be deducted from Mr. Thimesch's billable hours.

### i.  Supplemental Briefing Time

Plaintiff seeks attorneys' fees for 17.5 hours of work performed by Mr.

Phillips on the Supplemental Briefing ordered by this Court.   (See Doc. 412.)   It

was Plaintiff's failure to adequately identify the fees being requested from the

individual Defendants that necessitated the need for the Court to order supplemental

briefing. As such, the Court finds that an award of attorneys' fees for work that should have been done properly the first time is unreasonable and inappropriate. Thus, the Court recommends that 17.5 hours be deducted from Mr. Phillips' time for time spent preparing Plaintiff's supplemental briefing.

### j. Calculation of Attorney General Category Fees attributable to each Individual Defendant

In sum, based on the foregoing discussion, the Court finds and recommends that 55.5 hours be deducted from Mr. Phillips' time and that 120.7 hours be deducted from Mr. Thimesch's time for fees attributable to the Aqua General Category. Thus, the Court finds that 277.6 hours of Mr. Phillips' time and 325.4 hours of Mr. Thimesch's time is reasonably attributable to the Aqua General category, and is thus compensable. Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, the Court finds that Plaintiff is entitled to attorneys' fees in the amount of $83,280 and $89,485 for Mr. Phillips and Mr. Thimesch, respectively, for a total award of $172,765 for Aqua General fees. The Court recommends that these fees be pro-rated equally between the thirty-two individual Defendants for a total award of $5,398.91 plus Hawaii GET of 4.712% per Defendant, as detailed in Exhibit A.

### 2. Fees Assessed Against the Individual Hotels

The Court will now address the fees requested against the individual

Hotels and their respective Defendants, and the oppositions made thereto. To the extent that the individual Defendants raise the same objections made with respect to the Aqua General category, for the sake of brevity, the Court will not reiterate the law on these objections here.

### a. Aloha Surf
### (*AOAO of the Aloha Surf Hotel & Paulin Group, Inc.*)

Plaintiff requests a total of 49.1 hours, 27.9 hours for Mr. Phillips and 21.2 hours for Mr. Thimesch, for work attributable to the Aloha Surf Hotel. (Doc. 415-2 at 287.) The Aloha Surf Hotel Defendants, AOAO of the Aloha Surf Hotel and Paulin Group, Inc., object to 20.6 hours of Mr. Phillips' time and 19.1 hours of Mr. Thimesch's time as being duplicative, inadequately documented, block-billed, unnecessary, excessive, and clerical in nature. (See Doc. 388, 426 at 5-6.) Upon review of the time sheets submitted with respect to the Aloha Surf Hotel, the Court finds that: (1) 1 hour of Mr. Phillips' time and 0.3 hours of Mr. Thimesch's time are inadequately documented; (2) 1.6 hours of Mr. Phillips' time and 4.4 hours of Mr. Thimesch's time are clerical in nature; (3) 9.0 hours of Mr. Thimesch's time are duplicatively billed; and (4) 2 hours of Mr. Phillips' time and 0.1 hours of Mr. Thimesch's time are excessive and unnecessarily billed. Accordingly, the Court recommends that 4.6 hours of Mr. Phillips' time and 13.8 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Aloha Surf Hotel, for a

balance of 23.3 hours and 7.4 hours for Mr. Phillips and Mr. Thimesch, respectively.[8]   Accordingly, the Court finds and recommends that Plaintiff be awarded $9,025.00 in fees for work attributable to the Aloha Surf Hotel, and that fees be assessed against the AOAO of the Aloha Surf Hotel in the amount of $4,512.50 plus Hawaii GET, and against Paulin Group, Inc., in the amount of $4,512.50 plus Hawaii GET.

### b.    Bamboo Hotel
### (*AOAO of the Bamboo & Paulin Group, Inc*.)

Plaintiff requests a total of 56.9 hours, 27.0 hours for Mr. Phillips and 29.9 hours for Mr. Thimesch, for work attributable to the Bamboo Hotel.   (Doc. 415-2 at 333.)   The Bamboo Hotel Defendants, AOAO of the Bamboo and Paulin Group, Inc., object to 3.4 hours of Mr. Phillips' time and 25.8 hours of Mr. Thimesch's time as being duplicative, block-billed, inadequately documented, unnecessary and excessive, clerical in nature, and including pre-suit time inapplicable to the Bamboo Hotel.   (See Doc. 393; Doc. 429 at 6.)   Upon review of the time sheets submitted with respect to the Bamboo, the Court finds that:   (1) 2 hours of Mr. Phillips' time and 0.4 hours of Mr. Thimesch's time are inadequately documented; (2) 1.5 hours of Mr. Phillips' time and 2.8 hours of Mr. Thimesch's

---

[8] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $6,990 for work performed by Mr. Phillips and $2,035 for work performed by Mr. Thimesch, attributable to the Aloha Surf Hotel defendants.

time are clerical in nature; (3) 2.6 hours of Mr. Thimesch's time are duplicatively billed; (4) 1.1 hours of Mr. Thimesch's time are in the improper block-billed format and are incapable of being reasonably apportioned; (5) 0.2 hours of Mr. Phillips' time and 3.1 hours of Mr. Thimesch's time are attributed to a "Bamboo Trading Company," that is not currently, nor has it ever during the litigation of this case, been a Bamboo Hotel defendant; and (6) 2.0 hours of Mr. Phillips' time and 9.1 hours of Mr. Thimesch's time are excessive and unnecessarily billed.[9]   Accordingly, the Court recommends that 5.7 hours of Mr. Phillips' time and 19.1 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Bamboo Hotel, for a balance of 21.3 hours and 10.8 hours for Mr. Phillips and Mr. Thimesch, respectively.[10]   Accordingly, the Court finds and recommends that Plaintiff be awarded $9,360.00 in fees for work attributable to the Bamboo Hotel, and that fees be assessed against the AOAO of the Bamboo Hotel in the amount of $4,680.00 plus Hawaii GET, and against Paulin Group, Inc. in the amount of $4,680.00 plus Hawaii GET.

---

[9]  This time includes 8.9 hours billed by Mr. Thimesch for a "round trip to Waikiki for the inspection," which was also billed by Mr. Phillips as 3.6 hours.   Not only is the time Mr. Thimesch billed for this inspection duplicative, it is excessive and contains travel time that the Court finds is not compensable.

[10]   Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $6,390 for work performed by Mr. Phillips and $2,970 for work performed by Mr. Thimesch, attributable to the Bamboo Hotel defendants.

### c. Beachside Hotel
### (*RKL Beachside LLC & Kowa Waikiki LLC*)

Plaintiff requests a total of 82.4 hours, 39.2 hours for Mr. Phillips and

43.2 hours for Mr. Thimesch, for work attributable to the Beachside Hotel.   (Doc.

415-2 at 377.)   The Beachside Hotel Defendants, RKL Beachside LLC and Kowa

Waikiki LLC, object to 37.3 hours of Mr. Phillips' time and 37.1 hours of Mr.

Thimesch's time as being duplicative, assessed against the wrong Defendant,

inadequately documented, block-billed, unnecessary, excessive, and clerical in

nature.   (See Docs. 386, 427.)   Upon review of the time sheets submitted with

respect to the Beachside Hotel, the Court finds that:   (1) 3 hours of Mr. Phillips'

time and 1 hour of Mr. Thimesch's time are inadequately documented; (2) 0.3 hours

of Mr. Phillips' time and 1.7 hours of Mr. Thimesch's time are clerical in nature; (3)

5.5 hours of Mr. Thimesch's time are duplicatively billed; (4) 1 hour of Mr.

Thimesch's time is attributed to the wrong Defendant; (5) 0.9 hours of Mr. Phillips'

time and 1.5 hours of Mr. Thimesch's time are in the improper block-billing format

and are incapable of being reasonably apportioned; and (6) 6 hours of Mr. Phillips'

time and 0.3 hours of Mr. Thimesch's time are excessive and unnecessarily billed.

Accordingly, the Court recommends that 10.2 hours of Mr. Phillips' time and 11

hours of Mr. Thimesch's time be deducted from the billable hours attributed to the

Beachside Hotel, for a balance of 29 hours and 32.2 hours for Mr. Phillips and Mr.

Thimesch, respectively.[11]   Accordingly, the Court finds and recommends that Plaintiff be awarded $17,555.00 in fees for work attributable to the Beachside Hotel, and that fees be assessed against RKL Beachside LLC in the amount of $8,777.50 plus Hawaii GET, and against Kowa Waikiki LLC in the amount of $8,777.50 plus Hawaii GET.

### d.   Coconut Plaza
### (*Coconut Plaza Hotel Associates, LLC*)

Plaintiff requests a total of 78.3 hours, 31.1 hours for Mr. Phillips and 47.2 hours for Mr. Thimesch, for work attributable to the Beachside Hotel.   (Doc. 415-2 at 418.)   The Coconut Plaza Defendant, Coconut Plaza Hotel Associates, LLC, objects to 30.9 hours of Mr. Phillips' time and 42.3 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary, excessive, and clerical in nature.   (See Docs. 385 at 6-8, 427.)   Upon review of the time sheets submitted with respect to the Coconut Plaza Hotel, the Court finds that:   (1) 7.8 hours of Mr. Phillips' time and 0.4 hours of Mr. Thimesch's time are inadequately documented; (2) 1.4 hours of Mr. Phillips' time and 1.2 hours of Mr. Thimesch's time are clerical in nature; (3) 9.5 hours of Mr. Thimesch's time are duplicatively billed; (4) 0.7 hours of Mr.

---

[11]  Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $8,700 for work performed by Mr. Phillips and $8,855 for work performed by Mr. Thimesch, attributable to the Beachside Hotel defendants.

Thimesch's time are attributed to the wrong Defendant; and (5) 2 hours of Mr. Phillips' time and 5.6 hours of Mr. Thimesch's time are excessive and unnecessarily billed.   Accordingly, the Court recommends that 11.2 hours of Mr. Phillips' time and 17.4 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Coconut Plaza Hotel, for a balance of 19.9 hours and 29.8 hours for Mr. Phillips and Mr. Thimesch, respectively.[12]   Accordingly, the Court finds and recommends that Plaintiff be awarded fees against Coconut Plaza Hotel Associates, LLC, in the amount of $14,165.00 plus Hawaii GET for work attributable to the Coconut Plaza.

**e.**    **Continental Surf**
*(Copley Investment Group, LLC & Joss Hotel Partners, LLC)*

Plaintiff requests a total of 21.7 hours, 11.8 hours for Mr. Phillips and 9.9 hours for Mr. Thimesch, for work attributable to the Continental Surf Hotel. (Doc. 415-2 at 440.)   The Continental Surf Hotel Defendants, Copley Investment Group LLC and Joss Hotel Partners LLC, object to 3.5 hours of Mr. Phillips' time and 6.9 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, and clerical in nature.   (See Docs. 395, 433 at 6.)   Upon review of the

---

[12]  Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $5,970 for work performed by Mr. Phillips and $8,195 for work performed by Mr. Thimesch, attributable to the Coconut Plaza defendant.

time sheets submitted with respect to the Continental Surf, the Court finds that: (1) 0.8 hours of Mr. Phillips' time and 1.3 hours of Mr. Thimesch's time are inadequately documented; (2) 0.9 hours of Mr. Phillips' time and 1.6 hours of Mr. Thimesch's time are clerical in nature; (3) 0.6 hours of Mr. Thimesch's time are duplicatively billed; and (4) 0.3 hours of Mr. Thimesch's time are excessive and unnecessarily billed. Accordingly, the Court recommends that 1.7 hours of Mr. Phillips' time and 3.8 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Continental Surf Hotel, for a balance of 10.1 hours and 6.1 hours for Mr. Phillips and Mr. Thimesch, respectively.[13] Accordingly, the Court finds and recommends that Plaintiff be awarded $4,707.50 in fees for work attributable to the Continental Surf Hotel, and that fees be assessed against Copley Investment Group LLC in the amount of $2,353.75 plus Hawaii GET, and against Joss Hotel Partners LLC in the amount of $2,353.75 plus Hawaii GET.

### f.    Equus Hotel
### (*Hawaii Polo Inn LLC*)

Plaintiff requests a total of 12.3 hours, 6 hours for Mr. Phillips and 6.3 hours for Mr. Thimesch, for work attributable to the Equus Hotel. (Doc. 415-2 at 468.) The Equus Hotel Defendant, Hawaii Polo Inn LLC, objects to 5.3 hours of

---

[13] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is $300 per hour and $275 per hour, respectively, Plaintiff is entitled to $3,030 for work performed by Mr. Phillips and $1,677.50 for work performed by Mr. Thimesch, attributable to the Continental Surf Hotel defendants.

Mr. Phillips' time and 6.2 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary, excessive, and clerical in nature. (See Docs. 381, 427.) Upon review of the time sheets submitted with respect to the Equus Hotel, the Court finds that: (1) 0.2 hours of Mr. Phillips' time and 1.2 hours of Mr. Thimesch's time are inadequately documented; (2) 0.6 hours of Mr. Thimesch's time are clerical in nature; (3) 0.3 hours of Mr. Thimesch's time are duplicatively billed; (4) 0.15 hours of Mr. Thimesch's time are attributed to the wrong Defendant; (5) 0.5 hours of Mr. Thimesch's time are in the improper block-billing format and this time is incapable of being accurately apportioned; and (6) 0.9 hours of Mr. Thimesch's time are excessive and unnecessarily billed. Accordingly, the Court recommends that 0.2 hours of Mr. Phillips' time and 3.4 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Equus Hotel, for a balance of 5.8 hours and 2.9 hours for Mr. Phillips and Mr. Thimesch, respectively.[14] Accordingly, the Court finds and recommends that Plaintiff be awarded fees against Hawaii Polo Inn, LLC, in the amount of $2,537.50 plus Hawaii GET for work attributable to the Equus Hotel.

---

[14] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $1,740 for work performed by Mr. Phillips and $797.50 for work performed by Mr. Thimesch, attributable to the Equus Hotel defendant.

**g.     Hotel Lanai**
**(*Lanai Hospitality Partners, LLC & Castle and Cooke Resorts, LLC*)**

Plaintiff requests a total of 24.5 hours, 4 hours for Mr. Phillips and 20.5 hours for Mr. Thimesch, for work attributable to the Hotel Lanai.   (Doc. 415-2 at 481.)   The Hotel Lanai Defendants, Lanai Hospitality Partners LLC and Castle & Cooke Resorts LLC, object to 3.5 hours of Mr. Phillips' time and 17.4 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, and clerical in nature.   (See Docs. 384, 427 at 39-40.)   Upon review of the time sheets submitted with respect to Hotel Lanai, the Court finds that:   (1) 1.2 hours of Mr. Phillips' time and 7.1 hours of Mr. Thimesch's time are inadequately documented; (2) 0.9 hours of Mr. Thimesch's time are clerical in nature; (3) 1.3 hours of Mr. Thimesch's time are duplicatively billed; (4) 0.1 hours of Mr. Thimesch's time are attributed to the wrong Defendant; (5) 1 hour of Mr. Thimesch's time is in the improper block-billing format and is incapable of being reasonably apportioned; and (6) 0.2 hours of Mr. Thimesch's time is excessive and unnecessarily billed.   Accordingly, the Court recommends that 1.2 hours of Mr. Phillips' time and 10.6 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Hotel Lanai, for a balance

of 2.8 hours and 9.9 hours for Mr. Phillips and Mr. Thimesch, respectively.[15]

Accordingly, the Court finds and recommends that Plaintiff be awarded $3,562.50 in

fees for work attributable to the Hotel Lanai, and that fees be assessed against Lanai

Hospitality Partners, LLC in the amount of $1,781.25 plus Hawaii GET, and against

Castle & Cookie Resorts, LLC in the amount of $1,781.25 plus Hawaii GET.

### h.   Ilikai Hotel
(*SFI Ilikai Property Owner LLC, SFI Ilikai Retail Owner LLC, AOAO at the Ilikai Apartment Building, & Hotel Management Services, LLC*)

Plaintiff requests a total of 60 hours, 26.9 hours for Mr. Phillips and

33.1 hours for Mr. Thimesch, for work attributable to the Ilikai Hotel.   (Doc. 415-2

at 509.)   The Ilikai Hotel Defendants – SFI Ilikai Property Owner LLC, SFI Ilikai

Retail Owner LLC, AOAO at the Ilikai Apartment Building, and Hotel Management

Services LLC – object to 22.3 hours of Mr. Phillips' time and 31.2 hours of Mr.

Thimesch's time as being duplicative, assessed against the wrong Defendant,

inadequately documented, block-billed, unnecessary and excessive, and clerical in

nature.   (See Doc. 390 at 7; Doc. 427 at 39-40.)   Upon review of the time sheets

submitted with respect to the Ilikai Hotel, the Court finds that:   (1) 2.5 hours of Mr.

Phillips' time and 0.3 hours of Mr. Thimesch's time are inadequately documented;

---

[15]   Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $840 for work performed by Mr. Phillips and $2,722.50 for work performed by Mr. Thimesch, attributable to the Hotel Lanai defendants.

(2) 2.2 hours of Mr. Phillips' time and 2.5 hours of Mr. Thimesch's time are clerical in nature; (3) 1 hour of Mr. Phillips' time and 5.6 hours of Mr. Thimesch's time are duplicatively billed; (4) 0.4 hours of Mr. Thimesch's time are attributed to the wrong Defendant; and (5) 2.0 hours of Mr. Phillips' time and 4.6 hours of Mr. Thimesch's time are excessive and unnecessary travel time that is not recoverable.

Accordingly, the Court recommends that 7.7 hours of Mr. Phillips' time and 13.4 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Ilikai Hotel, for a balance of 19.2 hours and 19.7 hours for Mr. Phillips and Mr. Thimesch, respectively.[16]   Accordingly, the Court finds and recommends that Plaintiff be awarded $11,177.50 in fees for work attributable to the Ilikai Hotel, and that fees be assessed against SFI Ilikai Property Owner LLC, SFI Ilikai Retail Owner LLC, AOAO at the Ilikai Apartment Building, and Hotel Management Services, LLC, *each* in the amount of $2,794.38 plus Hawaii GET.

### i.   Island Colony
### (*AOAO of the Island Colony & Island Colony Partners*)

Plaintiff requests a total of 54.3 hours, 24.2 hours for Mr. Phillips and 30.1 hours for Mr. Thimesch, for work attributable to the Island Colony Hotel. (Doc. 415-2 at 593.)   The Island Colony Hotel Defendants, AOAO of the Island

---

[16] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $5,760 for work performed by Mr. Phillips and $5,417.50 for work performed by Mr. Thimesch, attributable to the Ilikai Hotel defendants.

Colony and Island Colony Partners, object to 14.4 hours of Mr. Phillips' time and 28.8 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, and clerical in nature. (See Docs. 394, 430 at 6.) Upon review of the time sheets submitted with respect to the Island Colony Hotel, the Court finds that: (1) 1.6 hours of Mr. Phillips' time and 0.6 hours of Mr. Thimesch's time are inadequately documented; (2) 0.2 hours of Mr. Phillips' time and 1.8 hours of Mr. Thimesch's time are clerical in nature; (3) 2.5 hours of Mr. Phillips' time and 6.2 hours of Mr. Thimesch's time are duplicatively billed; (4) 0.5 hours of Mr. Phillips' time and 0.7 hours of Mr. Thimesch's time are attributed to the wrong Defendant; and (5) 2 hours of Mr. Phillips' time are excessive and unnecessarily billed. Accordingly, the Court recommends that 6.8 hours of Mr. Phillips' time and 9.3 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Island Colony Hotel, for a balance of 17.4 hours and 20.8 hours for Mr. Phillips and Mr. Thimesch, respectively.[17] Accordingly, the Court finds and recommends that Plaintiff be awarded $10,940 in fees for work attributable to the Island Colony Hotel, and that fees be assessed against the AOAO of the Island Colony in the amount of $5,470 plus Hawaii GET, and against Island Colony Partners in the amount of $5,470 plus

---

[17] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $5,220 for work performed by Mr. Phillips and $5,720 for work performed by Mr. Thimesch, attributable to the Island Colony Hotel defendants.

Hawaii GET.

### j.    Kauai Beach Resort
### (*AOAO of the Kauai Beach Resort, SFI Kauai Operator LLC, & SFI Kauai Owners LLC*)

Plaintiff requests a total of 100.3 hours, 25.5 hours for Mr. Phillips and 74.8 hours for Mr. Thimesch, for work attributable to the Kauai Beach Resort. (Doc. 415-2 at 631.)   The Kauai Beach Resort Defendants, AOAO of the Kauai Beach Resort, SFI Kauai Operator LLC, and SFI Kauai Owners LLC, object to 20.5 hours of Mr. Phillips' time and 63.1 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and inaccurately recorded, excessive, and clerical in nature.   (See Doc. 382 at 7, Doc. 427 at 39-40.)   Upon review of the time sheets submitted with respect to the Kauai Beach Resort, the Court finds that:   (1) 1.7 hours of Mr. Phillips' time and 2.9 hours of Mr. Thimesch's time are inadequately documented; (2) 0.9 hours of Mr. Phillips' time and 3.3 hours of Mr. Thimesch's time are clerical in nature; (3) 0.2 hours of Mr. Thimesch's time are duplicatively billed; (4) 12.1 hours of Mr. Phillips' time, and 10.8 hours of Mr. Thimesch's travel time are excessive; (5) 0.1 hours of Mr. Phillips time and 0.8 hours of Mr. Thimesch's time are attributed to the wrong defendant; and (6) 7.8 hours of Mr. Thimesch's time are improperly block-billed, and a 50% deduction of this

block-billed time is warranted, for a total deduction for block-billed time of 3.9 hours. Accordingly, the Court recommends that 14.8 hours of Mr. Phillips' time and 21.9 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Kauai Beach Resort, for a balance of 10.7 hours and 52.9 hours for Mr. Phillips and Mr. Thimesch, respectively.[18] Accordingly, the Court finds and recommends that Plaintiff be awarded $17,757.50 in fees for work attributable to the Kauai Beach Resort, and that fees be assessed against the AOAO of the Kauai Beach Resort, SFI Kauai Operator LLC, and SFI Kauai Owners LLC, *each* in the amount of $5,919.17 plus Hawaii GET.

### k. Maile Sky Court
### (*Maile Sky Court Co., Ltd.*)

Plaintiff requests a total of 55.8 hours, 19 hours for Mr. Phillips and 36.8 hours for Mr. Thimesch, for work attributable to the Maile Sky Court Hotel. (Doc. 415-2 at 703.) The Maile Sky Court Defendant, Maile Sky Court Co., Ltd., objects to 11.5 hours of Mr. Phillips' time and 29.8 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, and clerical in nature. (See Doc. 391 at 7, Doc. 427 at 39-40.) Upon review of the time sheets submitted with respect to the

---

[18] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $3,210 for work performed by Mr. Phillips and $14,547.50 for work performed by Mr. Thimesch, attributable to the Kauai Beach Resort defendants.

Maile Sky Court Hotel, the Court finds that: (1) 3 hours of Mr. Phillips' time and 8.3 hours of Mr. Thimesch's time are inadequately documented; (2) 1.2 hours of Mr. Phillips' time and 4.7 of Mr. Thimesch's time are clerical in nature; (3) 2 hours of Mr. Phillips' time are unnecessary and excessive; and (4) 0.9 hours of Mr. Phillips' time and 0.4 hours of Mr. Thimesch's time are attributed to the wrong defendant. Accordingly, the Court recommends that 7.1 hours of Mr. Phillips' time and 13.4 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Maile Sky Court Hotel, for a balance of 11.9 hours and 23.4 hours for Mr. Phillips and Mr. Thimesch, respectively.[19] Accordingly, the Court finds and recommends that Plaintiff be awarded $10,005 in fees, plus Hawaii GET, against Maile Sky Court Co., Ltd., for work attributable to the Maile Sky Court Hotel.

### l. Maui All-Suites, Hotel Wailea
### (*Black Diamond Hospitality Investments, LLC; Granite Fund IV, LLC; and Black Diamond Management, Inc.*)

Plaintiff requests a total of 60.1 hours, 23.5 hours for Mr. Phillips and 36.6 hours for Mr. Thimesch, for work attributable to the Maui All-Suites Hotel Wailea. (Doc. 415-2 at 724.) The Maui All-Suites Defendants, Black Diamond Hospitality Investments LLC, Granite Fund IV LLC, and Black Diamond Management Inc., object to 23.9 hours of Mr. Phillips' time and 27.5 hours of Mr.

---

[19] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, and hourly rate of $300 and $275, respectively, Plaintiff is entitled to $3,570 for work performed by Mr. Phillips and $6,435 for work performed by Mr. Thimesch, attributable to the Maile Sky Court Hotel defendant.

Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and inaccurately recorded, excessive, and clerical in nature. (See Doc. 389 at 7-8, Doc. 427 at 39-40.) Upon review of the time sheets submitted with respect to the Maui All-Suites Hotel Wailea, the Court finds that: (1) 1.7 hours of Mr. Phillips' time and 2.4 hours of Mr. Thimesch's time are inadequately documented; (2) 0.1 hours of Mr. Phillips' time and 3.4 hours of Mr. Thimesch's time are clerical in nature; (3) 1.5 hours of Mr. Phillips' time and 0.6 hours of Mr. Thimesch's time are duplicatively billed; (4) 12 hours of Mr. Phillips's time and 5.9 hours of Mr. Thimesch's time are excessive; (5) 0.2 hours of Mr. Thimesch's time are attributed to the wrong defendant; and (6) 0.8 hours of Mr. Thimesch's time are improperly block-billed, and a 50% deduction of block-billed time is warranted, for a total deduction for block-billed time of 0.4 hours. Accordingly, the Court recommends that 15.3 hours of Mr. Phillips' time and 12.9 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Maui All-Suites Hotel Wailea, for a balance of 8.2 hours and 23.7 hours for Mr. Phillips and Mr. Thimesch, respectively.[20] Accordingly, the Court finds and recommends that Plaintiff be awarded $8,977.50 in fees for work attributable to the Maui All-Suites Hotel Wailea, and that fees be assessed against

---

[20] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $2,460 for work performed by Mr. Phillips and $6,517.50 for work performed by Mr. Thimesch, attributable to the Maui All-Suites Hotel Wailea defendants.

(1) Black Diamond Hospitality Investments, LLC, (2) Granite Fund IV, LLC, and (3) Black Diamond Management, Inc., *each* in the amount of $2,992.50 plus Hawaii GET.

### m. Hotel Molokai
### (*Beachtree Properties, LLC*)

Plaintiff requests a total of 190.8 hours, 75.3 hours for Mr. Phillips and 115.5 hours for Mr. Thimesch, for work attributable to the Hotel Molokai. (Doc. 415-2 at 784.) The Hotel Molokai Defendant, Beachtree Properties LLC, objects to 56.4 hours of Mr. Phillips' time and 94.3 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, and clerical in nature. (See Doc. 392, Doc. 428 at 8.) Upon review of the time sheets submitted with respect to the Molokai Hotel, the Court finds that: (1) 8.3 hours of Mr. Phillips' time and 11.5 hours of Mr. Thimesch's time are inadequately documented; (2) 1.8 hours of Mr. Phillips' time and 10 of Mr. Thimesch's time are clerical in nature; (3) 15.3 hours of Mr. Phillips's time and 8.3 hours of Mr. Thimesch's time are unnecessary and excessive; (4) 1 hour of Mr. Phillips' time and 18.5 hours of Mr. Thimesch's time are in the improper block format, and a 50% deduction of block-billed time is warranted, for a total deduction for block-billed time of 0.55 hours of Mr. Phillips' time and 9.25 hours of Mr. Thimesch's time; (5) 10.4 hours of Mr. Thimesch's time

46

are duplicatively billed; and (6) 0.15 hours of Mr. Thimesch's time are attributed to the wrong defendant. Accordingly, the Court recommends that 25.95 hours of Mr. Phillips' time and 49.6 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Hotel Molokai, for a balance of 49.35 hours and 65.9 hours for Mr. Phillips and Mr. Thimesch, respectively.[21] Accordingly, the Court finds and recommends that Plaintiff be awarded $32,927.50 in fees, plus Hawaii GET, against Beachtree Properties LLC, for work attributable to the Hotel Molokai.

### n. Palms at Waikiki
### (*AOAO of the Palms at Waikiki*)

Plaintiff requests a total of 61.6 hours, 28.8 hours for Mr. Phillips and 32.8 hours for Mr. Thimesch, for work attributable to the Palms at Waikiki Hotel. (Doc. 415-2 at 829.) The Palms at Waikiki Defendant, AOAO of the Palms at Waikiki, objects to 17.1 hours of Mr. Phillips' time and 28.5 hours of Mr. Thimesch's time as being duplicative, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, non-compensable pre-suit investigation; and clerical in nature. (See Doc. 387, Doc. 424 at 6-7.) Upon review of the time sheets submitted with respect to the Palms at Waikiki, the Court finds that: (1) 1 hour of Mr. Phillips' time and 0.7 hours of Mr.

---

[21] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $14,805 for work performed by Mr. Phillips and $18,122.50 for work performed by Mr. Thimesch, attributable to the Hotel Molokai defendant.

Thimesch's time are inadequately documented; (2) 2.8 hours of Mr. Phillips' time and 2.5 of Mr. Thimesch's time are clerical in nature; (3) 2.3 hours of Mr. Phillips' time and 0.4 hours of Mr. Thimesch's time are unnecessary and excessive; (4) 6.8 hours of Mr. Thimesch's time are attributed to the wrong defendant; (5) 9.6 hours of Mr. Thimesch's time are duplicatively billed; and (6) 0.4 hours of Mr. Thimesch's time is in the improper block format, and a 50% deduction of block-billed time is warranted, for a total deduction for block-billed time of 0.2 hours from Mr. Thimesch's time. Accordingly, the Court recommends that 6.1 hours of Mr. Phillips' time and 20.2 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Palms at Waikiki, for a balance of 22.7 hours and 12.6 hours for Mr. Phillips and Mr. Thimesch, respectively.[22] Thus, the Court finds and recommends that Plaintiff be awarded $10,275 in fees, plus Hawaii GET, against the AOAO of the Palms at Waikiki, for work attributable to the Palms at Waikiki Hotel.

### o. Park Shore Hotel
### (*Sasada International, LLC*)

Plaintiff requests a total of 80.5 hours, 46.3 hours for Mr. Phillips and 34.2 hours for Mr. Thimesch, for work attributable to the Park Shore Hotel. (Doc. 415-2 at 853.) The Park Shore Hotel Defendant, Sasada International, LLC, objects

---

[22] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $6,810 for work performed by Mr. Phillips and $3,465 for work performed by Mr. Thimesch, attributable to the Palms at Waikiki defendant.

to 28.9 hours of Mr. Phillips' time and 30 hours of Mr. Thimesch's time as being

duplicative, assessed against the wrong Defendant, inadequately documented,

block-billed, unnecessary and excessive, and clerical in nature. (See Doc. 383,

Doc. 425 at 8-9.) Upon review of the time sheets submitted with respect to the Park

Shore Hotel, the Court finds that: (1) 9.1 hours of Mr. Phillips' time and 2.1 hours

of Mr. Thimesch's time are inadequately documented; (2) 1.9 hours of Mr. Phillips'

time and 3.1 hours of Mr. Thimesch's time are clerical in nature; (3) 2.3 hours of Mr.

Phillips's time and 2.6 hours of Mr. Thimesch's time are unnecessary and excessive;

(4) 1.6 hours of Mr. Phillips time and 1.5 hours of Mr. Thimesch's time are

attributed to the wrong defendant; (5) 7.4 hours of Mr. Thimesch's time are

duplicatively billed; and (6) 3.2 hours of Mr. Thimesch's time are in the improper

block format, and a 50% deduction of block-billed time is warranted, for a total

deduction for block-billed time of 1.6 hours from Mr. Thimesch's time.

Accordingly, the Court recommends that 14.9 hours of Mr. Phillips' time and 18.3

hours of Mr. Thimesch's time be deducted from the billable hours attributed to the

Park Shore Hotel, for a balance of 31.4 hours and 15.9 hours for Mr. Phillips and Mr.

Thimesch, respectively.[23] Thus, the Court finds and recommends that Plaintiff be

awarded $13,792.50 in fees, plus Hawaii GET, against Sasada International, LLC,

---

[23] Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $9,420 for work performed by Mr. Phillips and $4,372.50 for work performed by Mr. Thimesch, attributable to the Park Shore Hotel defendant.

for work attributable to the Park Shore Hotel.

### p. **Pearl Hotel**
### (*CR Nahua, LLC*)

Plaintiff requests a total of 72 hours, 34.2 hours for Mr. Phillips and 37.8 hours for Mr. Thimesch, for work attributable to the Pearl Hotel. (Doc. 415-2 at 881.) The Pearl Hotel Defendant, CR Nahua LLC, objects to 10.4 hours of Mr. Phillips' time and 31.8 hours of Mr. Thimesch's time as being duplicative, non-compensable pre-suit investigation, assessed against the wrong Defendant, inadequately documented, block-billed, unnecessary and excessive, and clerical in nature. (See Doc. 397, Doc. 431 at 5.) Upon review of the time sheets submitted with respect to the Pearl Hotel, the Court finds that: (1) 3.2 hours of Mr. Phillips' time and 2.4 hours of Mr. Thimesch's time are inadequately documented; (2) 1.5 hours of Mr. Phillips' time and 1.9 hours of Mr. Thimesch's time are clerical in nature; (3) 2 hours of Mr. Phillips's time and 1.4 hours of Mr. Thimesch's time are unnecessary and excessive; (4) 0.9 hours of Mr. Phillips time and 0.4 hours of Mr. Thimesch's time are attributed to the wrong defendant; (5) 0.6 hours of Mr. Phillips' time and 6.5 hours of Mr. Thimesch's time are in the improper block format, and a 50% deduction of block-billed time is warranted, for a total deduction for block-billed time of 0.3 hours from Mr. Phillips' time and a deduction of 3.25 hours from Mr. Thimesch's time; and (6) 6.2 hours of Mr. Thimesch's time are

duplicatively billed.   Accordingly, the Court recommends that 7.9 hours of Mr.

Phillips' time and 15.55 hours of Mr. Thimesch's time be deducted from the billable

hours attributed to the Pearl Hotel, for a balance of 26.3 hours and 22.25 hours for

Mr. Phillips and Mr. Thimesch, respectively.[24]   Accordingly, the Court finds and

recommends that Plaintiff be awarded $14,008.75 in fees, plus Hawaii GET, against

CR Nahua LLC, for work attributable to the Pearl Hotel.

> ### q.    Wave Hotel
> ### (*CR Wave, LLC*)

Plaintiff requests a total of 54.2 hours, 29.1 hours for Mr. Phillips and

25.1 hours for Mr. Thimesch, for work attributable to the Wave Hotel.   (Doc. 415-2

at 903.)   The Wave Hotel Defendant, CR Wave LLC, objects to 12.2 hours of Mr.

Phillips' time and 24.7 hours of Mr. Thimesch's time as being duplicative, assessed

against the wrong Defendant, inadequately documented, non-compensable pre-suit

investigation, unnecessary and excessive, and clerical in nature.   (See Doc. 396,

Doc. 432 at 5.)   Upon review of the time sheets submitted with respect to the Wave

Hotel, the Court finds that:   (1) 6.5 hour of Mr. Phillips' time and 1.5 hours of Mr.

Thimesch's time are inadequately documented; (2) 1.6 hours of Mr. Phillips' time

and 1.5 hours of Mr. Thimesch's time are clerical in nature; (3) 2 hours of Mr.

---

[24]   Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $7,890 for work performed by Mr. Phillips and $6,118.75 for work performed by Mr. Thimesch, attributable to the Pearl Hotel defendant.

Phillips's time and 1.5 hours of Mr. Thimesch's time are unnecessary and excessive; (4) 0.6 hours of Mr. Thimesch's time are attributed to the wrong defendant; and (5) 8.8 hours of Mr. Thimesch's time are duplicatively billed.   Accordingly, the Court recommends that 10.1 hours of Mr. Phillips' time and 13.9 hours of Mr. Thimesch's time be deducted from the billable hours attributed to the Wave Hotel, for a balance of 19 hours and 11.2 hours for Mr. Phillips and Mr. Thimesch, respectively.[25] Accordingly, the Court finds and recommends that Plaintiff be awarded $8,780 in fees, plus Hawaii GET, against CR Wave LLC, for work attributable to the Wave Hotel.

### C.      Total Attorneys' Fee Award

Based on the foregoing, the Court finds that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

**Mr. Phillips:**
| | |
|---|---|
| 605.95 hours @ $300/per hour = | $ 181,785.00 |
| Hawaii General Excise Tax (4.712%) = | $    8,565.70 |
| Total: | $ 190,350.70 |

**Mr. Thimesch:**
| | |
|---|---|
| 692.85 hours @ $275/per hour = | $ 190,533.75 |
| Hawaii General Excise Tax (4.712%) = | $    8,977.95 |
| Total: | $ 199,511.70 |

**Total Fee Award:**                                **$ 389,862.40**

---

[25]  Based on the hourly rates this Court found reasonable for Mr. Phillips and Mr. Thimesch, that is, an hourly rate of $300 and $275, respectively, Plaintiff is entitled to $5,700 for work performed by Mr. Phillips and $3,080 for work performed by Mr. Thimesch, attributable to the Wave Hotel defendant.

The Court further finds that Plaintiff is not entitled to an upward enhancement of the lodestar amount. Plaintiff maintains that a multiplier enhancement is just "[b]ecause of the particularly strong public interest aspects of this case, [which] produc[ed] the extraordinary result of 47 disabled accessible guestrooms within the Hawaiian high-demand market." (Doc. 357 at 12.) Plaintiff further maintains that "counsel risked a princely sum and a good share of their life's work, and should be richly rewarded for their success." (Id.) The Court is not persuaded by Plaintiff's arguments. As an initial matter, the substantial risk of time and money taken by Plaintiff's counsel is a contingency argument, which cannot be considered in the lodestar calculation. Shaughnessy v. TLLC, LLC, Civ. No. 09-00004 HG-LEK, 2009 WL 1054944, at *4 (D. Haw. Apr. 17, 2009) ("[W]hether the fee is fixed or contingent, may not be considered in the lodestar calculation."). Thus, the Court declines to take counsel's risk in taking this case into consideration in determining whether an upward adjustment of the lodestar is warranted. Moreover, the Court is not persuaded by Plaintiff's argument that the "strong public interest aspects of this case" justify enhancement. This case was not overly complex, rather, it was a run-of-the-mill ADA case seeking accessibility for persons with disability. The Court notes, however, that much of the difficulties presented by this case were a result of Plaintiff's decision to include seventeen hotels

in a single lawsuit and Plaintiff's decision to include co-counsel who did not reside in or practice in this jurisdiction. An upward adjustment under these circumstances would create a slippery slope allowing for enhancement in all ADA cases. Finally, the Court is not persuaded that the results obtained in this case justify enhancement. The Court is not convinced that Plaintiff's suit alone is responsible for the modifications undertaken by the seventeen hotels in order to come into compliance with the ADA. Here, the remediation agreed to was generally conceded early on, and Defendants were generally amenable to Plaintiff's suggested changes. Thus, the Court finds that Plaintiff has failed to present evidence suggesting that this case is so "rare" and "exceptional" as to justify an upward adjustment to the lodestar figure. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (citations omitted) (noting that upward adjustments of the lodestar figure are proper only in certain "rare" and "exceptional" cases). Accordingly, the Court recommends that Plaintiff's request to "richly reward" his counsel for prosecuting this civil rights case be denied.

   The Court also finds that Defendants are not entitled to a downward adjustment of the lodestar amount based on the Johnson-Kerr factors. In calculating the lodestar, the Court may consider any of the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951

(1976).   In <u>Kerr</u>, the Ninth Circuit adopted the 12-factor test articulated in <u>Johnson</u>

<u>v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), which looked at the

following factors for determining reasonable fees:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.   Here, Defendants argue they are entitled to a downward

adjustment of the lodestar amount due to (1) Plaintiff's professional relationship

with Mr. Phillips; (2) the desirability and profitability of the case; (3) Defendants'

willingness to settle early in the litigation and Defendants' willingness to work with

Plaintiff in an effort to limit fees and expenses; (4) Plaintiff's delay in filing suit,

which suggests a lack of urgency to the case; and (5) the amount involved and the

results obtained.   (Doc. 379 at 42-46.)   Defendants' further argue that the lodestar

amount should be further reduced for unsuccessful claims, and due to Plaintiff's

counsel unreasonably prolonging the settlement process.   (Doc. 379 at 46-48.)

The Court notes that substantial cuts were already made to Plaintiff's fee request,

and therefore, the Court finds that a further downward adjustment to the lodestar is

not warranted. Accordingly, the Court recommends that Defendant's request for a downward adjustment be denied.

In sum, the Court recommends that Plaintiff's request for attorneys' fees be GRANTED IN PART, in the amount of $389,862.40, according to the Court's apportionment amongst the thirty-two individual Defendants, as delineated in Exhibit A to this Findings and Recommendation.

## III. Nontaxable & Taxable Costs

Federal Rules of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules further provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered." Local Rule 54.2(a). A trial judge has wide discretion in awarding costs under Rule 54(d) and may deny costs to the prevailing party, in its discretion, provided the court indicates its reasons. See Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citations omitted); see also Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006) (holding that a losing party must "establish a reason to deny costs" in order to overcome the presumption in favor of costs.) A district court must specify reasons for its refusal to award costs. Ass'n of Mexican-American Educ. v. State of Cal.,

231 F.3d 572, 592 (9th Cir. 2000).   The requirement that a district court give reasons for denying costs is, in essence, "a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."   Id. at 593.

Here, according to the Court's calculation, Plaintiff requests nontaxable and taxable costs from Defendants in the amount of $289,331.66.[26] (See Docs. 415, 423-1 at 2, 423-2; see also Exhibit B-1.)   Similar to Plaintiff's submissions in support of his request for attorneys' fees, Plaintiff submits hundreds of pages of haphazard invoices and receipts in support of his request for litigation expenses and costs.   (See Docs. 415-2, 416, 417, 418.)   It is impossible to develop an appropriate methodology to review the reasonableness of Plaintiff's costs when they are not attributed to each category in which services were rendered, and when they are not presented in an organized and detailed manner.   It is not the Court's responsibility to sift through hundreds of pages of submissions in order to properly identify the amount of costs for Plaintiff.

In relevant part, Local Rule 54.3 requires a moving party to specify the applicable judgment and statutory or contractual authority

---

[26]   The Court notes that Plaintiff's request for costs appears to request $1,175,467.34 in costs and expenses, see Doc. 423-2 at 2, however, upon review, it appears that Plaintiff requests the same costs from multiple parties in its "Revised Total Costs" exhibit.   The Court will not permit Plaintiff a triple-recovery of the same costs and expenses, and therefore, the Court finds that, when properly articulated and calculated, Plaintiff is actually requesting a total award of expenses and costs in the amount of $289,331.66.   This includes the property-specific costs, plus the aqua general costs, less the Bill of Cost credits.   See Exhibit B-1.

> entitling the moving party to the requested award and the amount of . . . related non-taxable expenses sought.   In addition, the moving party shall file a memorandum in support . . . [which] shall set forth . . . **a listing, in sufficient detail to enable the court to rule on the reasonableness of the request, of any expenditures for which reimbursement is sought**[.]

Local Rule 54.3(c), (d) (emphasis added).   Here, Plaintiff has largely failed to present his request for costs with "sufficient detail to enable the court to rule on the reasonableness of the request."   On this basis alone, the Court would be acting within its discretion to entirely deny Plaintiff's request for costs.   Nevertheless, although the Court is appalled at the audacity of Plaintiff's counsel to seek the reimbursement of costs for such frivolous expenses as limousine transportation, first-class flights, and fancy dinners in a civil rights case, the Court does acknowledge the legitimacy of other expenses for which reimbursement is requested.

Under these circumstances, where Plaintiff has failed to present his request in a way that would allow the Court to review the reasonableness of the costs sought, a percentage reduction of costs based on the ratio of fees requested to fees allowed appears to be a principled method to make an adjustment to the costs.   See In re Auto Part Club, Inc., 224 B.R. 445, 453 (S.D. Cal. Aug. 9, 1998) (taking a similar approach to determining the amount of costs to be awarded where an appropriate methodology to review the reasonableness of costs was not possible).

In this case, however, the application of this method is complicated by the fact that the Court has reduced Mr. Phillips' and Mr. Thimesch's hourly rates to ones consistent with community standards, which has the effect of increasing the percentage of reduction.   See id.   Because of this, the Court concludes that a percentage derived from the ratio that the gross amount of adjusted fees bears to the fees actually awarded is a fairer basis for reduction.[27]   Inasmuch as the fees awarded are 59% of the fees requested, as adjusted, the Court finds that an award of 59% of the costs is warranted.   Accordingly, the Court recommends that Plaintiff be awarded 59% of the costs requested, as detailed in Exhibit B-2, for a total cost award of $170,705.67.

\\

\\

\\

\\

\\

\\

\\

---

[27] Here, the gross amount of adjusted fees requested is $657,779.76.   See note 4, supra (regarding the table of Plaintiff's requested fees based on the Court's reduced hourly rate for Mr. Phillips and Mr. Thimesch).   Inasmuch as the Court ultimately recommends that Plaintiff be awarded $389,862.40 in attorneys' fees, the percentage derived from the ratio that the gross amount of adjusted fees bears to the fees actually awarded is 59%.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that

Defendants' Motion for Attorneys' Fees and Costs (Doc. 355) be GRANTED IN

PART AND DENIED IN PART.   The Court recommends that Plaintiff be awarded

$ 389,862.40 in attorneys' fees and $170,705.67 in litigation expenses and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, March 31, 2015.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Muegge v. Aqua Hotels and Resorts, Inc., et al., Civ. No. 09-00614 LEK-BMK; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION
FOR AN AWARD OF REASONABLE STATUTORY ATTORNEY FEES, LITIGATION
EXPENSES AND COSTS.