IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ED MUEGGE, | ) | CIVIL 09-00614 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AQUA HOTELS AND RESORTS, | ) | |
| INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT BEACHTREE PROPERTIES, LLC'S OBJECTION
TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION,
DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION; AND ADOPTING THE
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

On March 31, 2015, the magistrate judge issued his

Findings and Recommendation to Grant in Part and Deny in Part

Plaintiff's Motion for an Award of Reasonable Statutory Attorney

Fees, Litigation Expenses and Costs ("F&R"). [Dkt. no. 436.] On

April 10, 2015, Plaintiff Ed Muegge ("Plaintiff") filed his

Objections to the F&R ("Plaintiff's Objections") and, on April

24, 2015, the Responding Defendants filed their response

("Defendants' Response").[1] [Dkt. nos. 437, 439.] On April 22,

---

[1] For the purposes of the Order, the "Responding Defendants"
are: Aqua Hotels and Resorts, Inc.; Aqua Hotels and Resorts, LLC;
SFI Kauai Operator LLC; SFI Kauai Owner LLC; Association of
Apartment Owners of Kauai Beach Granite Fund IV, LLC; Black
Diamond Hospitality Investments, LLC; Black Diamond Management,
Inc; Castle & Cooke Resorts, LLC; Lanai Hospitality Partners,
LLC, incorrectly identified as Hotel Lanai, LLC; Hawaii Polo Inn,
LLC; Coconut Plaza Hotel Associates, LLC; Paulin Group LLC; Maile
Sky Court Co., LTD.; Hotel Management Services, LLC; RKL
(continued...)

2015, Defendant Beachtree Properties, LLC ("Beachtree") filed its Objection to the F&R ("Beachtree's Objection").[2]  [Dkt no. 438.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Objections, supporting and opposing memoranda, and the relevant legal authority, the Objections are HEREBY DENIED and the F&R is HEREBY ADOPTED for the reasons set forth below.

## BACKGROUND

On December 23, 2009, Plaintiff initiated this lawsuit. On April 4, 2011 he filed his Third Amended Complaint, asserting violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), Hawai`i Revised Statues Chapter 489, and Hawai`i Revised Statutes Chapter 291.  [Third Amended Complaint at pgs. 73-97.]  He requested declaratory relief, requiring more than thirty hotel owners and operators in Hawai`i to make their

---

[1](...continued)
Beachside LLC; CP Aloha Surf, LLC; Joss Hotel Partners LLC; Diamond Resort Hawaii Owners Association, Inc.; Hawaiiana Management Co., Inc.; Kai Management Services, LLC; Honolulu Hotel Operating Corporation; SFI Ilikai Property Owner LLC; and SFI Ilikai Retail Owner LLC.  There are additional defendants included in Plaintiff's Third Amended Complaint for Injunctive and Declaratory Relief and Damages ("Third Amended Complaint"), which was the last-filed complaint in this case.  [Dkt. no. 67 (filed 4/4/11).]

[2] The Court will refer to Plaintiff's Objections and Beachtree's Objection collectively as the "Objections."

seventeen hotels more accessible to individuals with disabilities.  Plaintiff also requested compensatory and statutory damages.  [Id. at pgs. 97-105.]  In March 2014, this Court approved eighteen consent decrees voluntarily dismissing all claims in the Third Amended Complain and requiring Defendants to make various accommodations in all of the hotels.  [Dkt. nos. 325-41, 344.]

On March 27, 2014, Plaintiff filed his Motion for an Award of Reasonable Statutory Attorney Fees, Litigation Expenses and Costs ("Motion").  [Dkt. no. 355.]  On June 6, 2014, Defendant Aqua Hotels and Resorts, Inc. filed its Omnibus Opposition to the Motion, which was joined by numerous other defendants, and on July 14, 2014, Plaintiff filed his reply. [Dkt. nos. 379, 402.]  On October 14, 2014, the magistrate judge requested supplemental briefing, in which he required Plaintiff to organize his fees request in a specific way, so as to make apportionment among the many defendants more manageable. [Entering Order, filed 10/14/14 (dkt. no. 412) ("10/14/14 EO") at 1-2.]

On November 4, 2014, Plaintiff filed his supplemental memorandum ("Supplemental Memorandum") and, on December 1, 2014, Defendants filed their respective memoranda in opposition ("Supplemental Oppositions").  [Dkt. nos. 415-18, 421, 423-34.] On March 31, 2015, the magistrate judge issued the F&R

recommending, *inter alia*, that Plaintiff be awarded $389,862.40 in attorneys' fees and $170,705.67 in costs for the work done prior to the consent decrees executed in March 2014, and that the fees be apportioned among the thirty-two defendants as specifically provided by the F&R. [F&R at 3.] The Objections followed thereafter.

**STANDARD**

Local Rule 74.2 provides: "Any party may object to a magistrate judge's case dispositive order, findings, or recommendations . . . within fourteen (14) days after being served with a copy of the magistrate judge's order, findings, or recommendations." See also Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC, 2014 WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY) (some citations omitted).

However, "'[f]rivolous, conclusive, or general objections [to a magistrate judge's report and recommendation] need not be considered by the district court.'" Rodriguez v. Hill, No. 13CV1191-LAB (DHB), 2015 WL 366440, at *1 (S.D. Cal. Jan. 23, 2015) (some alterations in Rodriguez) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Thus, an objection to findings "without any analysis as to why [they are] inaccurate" is "insufficient to trigger review of those findings." United States v. Rudisill, Nos. CR 97-327-PHX-ROX, CV 04-466-PHX-ROX, 2006 WL 3147663, at *1 (D. Ariz. Nov. 1, 2006) (citation omitted). If courts required review in such circumstances, "'judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.'" Bridgeman v. Stainer, No.

12-CV-212 BEN (PCL), 2014 WL 1806919, at *1 (S.D. Cal. May 7, 2014) (some citations omitted) (quoting <u>United State v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)); <u>see also</u> <u>Reyna-Tapia</u>, 328 F.3d at 1122 ("the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice" (citing <u>Peretz v. United States</u>, 501 U.S. 923, 928, 111 S. Ct. 2661, 115 L. Ed. 2d 808 (1991)). Further, "[o]bjections that would not alter the outcome are moot, and can be overruled on that basis alone." <u>Rodriguez</u>, 2015 WL 366440, at *1.

## DISCUSSION

## I.  **Beachtree's Objection**

As an initial matter, Beachtree's Objection was untimely, and it neither moved the Court to extend the deadline, nor offered any facts sufficient to find excusable neglect. <u>See</u> Fed. R. Civ. P. 6(b)(1).[3] Beachtree filed it on April 22, 2015, twenty-one days after the F&R was served on April 1, 2015, and

---

[3] Federal Rule of Civil Procedure 6(b)(1) provides:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

well beyond the fourteen-day window.  <u>See</u> Local Rule LR74.2; Fed. R. Civ. P. 72(b).  Based on the untimeliness of the objection, this Court DENIES Beachtree's Objection.  <u>See, e.g.</u>, <u>Blatt v. Derezes</u>, 143 F. App'x 840, 841 (9th Cir. 2005) (affirming dismissal where the pro se plaintiff's "objections to the magistrate judge's report and recommendation were untimely and [the plaintiff] failed to show excusable neglect"); <u>cf.</u> <u>Port of Stockton v. W. Bulk Carrier KS</u>, 371 F.3d 1119, 1122 (9th Cir. 2004) ("[b]y failing to file an appropriate motion within the relevant time limit, . . . the Port waived any claim to attorneys' fees arising out of the original litigation").[4]

---

[4] Even if the Court considered the substance of Beachtree's Objection, it would deny it.  In essence, Beachtree does not agree with the magistrate judge's decision finding certain hours reasonably expended.  Plaintiff requested an award for 190.8 hours of work attributed solely to Beachtree's hotel, Hotel Molokai.  [F&R at 46.]  Beachtree objected to 150.7 of those hours, including **56.7** for unnecessary/excessive work.  [Def. Beachtree Props., LLC's Suppl. Opp. Pursuant to Court's Oct. 14, 2014 Minutes Order [Doc. 412], filed 12/1/14 (dkt. no. 428) at 5-7.]  The F&R recommends reducing Plaintiff's request related to Beachtree by 75.6 hours, including **23.6** for unnecessary/excessive work.  [F&R at 46-47.]  Beachtree now objects to that 23.6-hour reduction and requests a reduction of **71.5** for unnecessary/excessive work.  [Beachtree's Objection at 2.]  Simply put, Beachtree disagrees with how the magistrate judge made his reductions and now challenges Plaintiff's request with the same arguments it made before the magistrate judge, <u>see</u> Def. Beachtree Props., LLC's Substantive Joinder to Defs. Aqua Hotels and Resorts, Inc., et al.'s Omnibus Opp. to Pltf.'s Motion for an Award of Reasonable Statutory Attorney Fees, Litig. Expenses and Costs Filed on March 27, 2014 [Doc. 355], Filed on June 6, 204 [Doc. 379] and Def. Aqua Hotels and Resorts LLC's Substantive Joinder to Def. Aqua Hotels and Resorts, Inc.'s Omnibus Opp. to Pltf.'s Motion for an Award of Reasonable Statutory Attorney

(continued...)

## II. **Plaintiff's Objections**

Plaintiff makes twenty-two enumerated objections to the F&R. Although not a blanket objection to the entire F&R, most of the objections are essentially disagreements or generalized objections, which do not trigger de novo review. <u>See</u> <u>Rodriguez</u>, 2015 WL 366440, at *1 ("generalized or blanket objections do not trigger the de novo review requirement").[5] For instance, in some

---

[4](...continued)
Fees, Litig. Expenses and Costs Filed on March 27, 2014 [Doc. 355], Filed on June 8, 2014 [Doc. 380], filed 6/9/14 (dkt. no 392), at 4-12, but now requests a greater reduction to compensate for the magistrate judge's recommendation. Taking into account the totality of the requests made in the Motion, the oppositions to the Motion, and the F&R, the Court finds the magistrate judge's reductions proper.

[5] The Court agrees with the analysis set forth by the United States District Court, District of Montana, as apt with regard to Plaintiff's Objections:

> Objections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case. <u>See</u> <u>Camardo v.</u> <u>General Motors Hourly-Rate Employees Pension Plan</u>, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). This is why Rule 72(b)(2) Fed. R. Civ. P. requires an objecting party to file "specific written objections" and Rule 72(b)(3) only requires the district judge to review decisions of the magistrate judge that have been "properly objected to." Congress created the position of magistrate judge assist district judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." <u>Thomas v. Arn</u>, 474 U.S. 140, 153, 106 S. Ct. 466, 88 L. Ed. 2d 435, (1985) (internal quotations omitted). Since there is no net efficiency in referring the matter to a magistrate judge if this court must still review
> (continued...)

places, Plaintiff objects to the magistrate judge's

characterizations of counsel's strategic decisions regarding the

lawsuit, or he objects in a conclusory fashion to a finding,

without providing any legal basis or citation to the voluminous

record for support.  In short, Plaintiff basically disagrees with

the magistrate judge and wants a "do-over."  While this Court

could simply deny Plaintiff's Objections, it will here address

all of the objections for completeness, including those where de

novo review is not strictly required.

Although Plaintiff did not group or order his

objections in any identifiable way – and in fact repeated some –

the Court here considers them based on which substantive aspect

of the recommendation they challenge.

## A.   Attorneys' Fees Objections

### 1.   Attorneys' Hourly Rates

In objections 11, 12, 14, 15, Plaintiff objects to the

hourly rates the F&R recommends for his counsel, local counsel

Lunsford Dole Phillips, Esq., and mainland counsel Timothy S.

---

[5](...continued)
      the entire matter de novo because the objecting
      party merely repeats the arguments rejected by the
      magistrate, this Court follows other courts that
      have overruled general objections without
      analysis.  See Sullivan v. Schiro, 2006 WL
      1516005, *1 (D. Ariz. 2006) (collecting cases).

Kenneally v. Clark, No. CV-10-67-BU-RFC-JCL, 2011 WL 4959672, at
*1 (D. Mont. Oct. 18, 2011).

Thimesch, Esq.  [Pltf.'s Objections at 6-10.]  The F&R rejected the requested fees of $350.00 per hour for each attorney, and concluded that, based on case law and the submissions of counsel, $300.00 per hour was reasonable for Mr. Phillips, and $275.00 per hour was reasonable for Mr. Thimesch.  [F&R at 15.]

### a.  **Mr. Phillips**

Plaintiff argues that the magistrate judge erred in: relying on fee awards in cases from "more than two years before [Mr. Phillips's] final services were performed[;]" not adjusting the hourly rate forward based on the four-year delay in payment; and not awarding Mr. Phillips the rate he was awarded in more recent and less-sophisticated cases.  [Pltf.'s Objections at 7-8, 10.]

The issue before this Court is whether the "requested hourly rate reflects prevailing community rates for similar services."  Au v. Republic State Mortg. Co., Civ. No. 11-00251 JMS-KSC, 2014 WL 770291, at *6 (D. Hawai`i Feb. 25, 2014) (citing Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987)).  More specifically, it must determine whether the requests are reasonable in light of the prevailing rate for practicing attorneys in this district court between 2009, when Mr. Phillips began his services in this case, and 2014, when the parties executed the consent decrees.  The Court also considers the experience, skill, and reputation of the attorney requesting the

fees.  <u>Webb v. Ada Cnty.</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).

The Court agrees with the F&R that a reasonable rate for Mr. Phillips in this case is $300.00 plus general excise tax. In support of his requested rate, Plaintiff presents three affidavits from local counsel, as well as a 2012 order by the very same magistrate judge finding that $350.00 per hour was reasonable for Mr. Phillips's representation.  [Motion, Decl. of Lunsford Dole Phillips, Exhs. C, D, E.]  In response, Defendants cited cases, some from within the period of the representation, where this district court found $275.00 to be reasonable for Mr. Phillips.  [Response at 7.]

The magistrate judge considered all of these submissions, including two cases from 2012 where he found that $350.00 per hour was a reasonable rate for Mr. Phillips, and determined that $300.00 per hour was reasonable for Mr. Phillips for this case.  <u>See</u> F&R at 12-13 (some citations omitted) (citing <u>Parr v. Kalani Corp.</u>, Civ. No. 11-00514 ACK-BMK, 2012 WL 1424538, at *3 (D. Haw. Apr. 3, 2012); <u>Parr v. Club Peggy, Inc.</u>, Civ. No. 11-00505 JMS-BMK, 2012 WL 628863, at *4-5 (D. Haw. Jan. 19, 2012)).  Relying on the magistrate judge's determination of a reasonable rate for Mr. Phillips in this case, in light of his knowledge of the other cases where he had recommended awarding Mr. Phillips $350.00, this Court FINDS that $300.00 is reasonable

and "reflects prevailing community rates for similar services."
See Au, 2014 WL 770291, at *6.

The fact that the magistrate judge also considered cases prior to 2009 does not change this result. While the Ninth Circuit has held that "a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services," it may consider them so long as it does not "treat them as dispositive[.]" Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 981 (9th Cir. 2008). Here, the magistrate judge considered, and this Court here considers, cases from before and during the representation. Plaintiff points to no law, and this Court is not aware of any, supporting his contention that the prevailing rate focuses solely on the end point of the representation.[6]

Last, there has been no delay in payment of the type recognized in Plaintiff's cited case, Missouri v. Jenkins by Agyei, 491 U.S. 274, 284 (1989). [Pltf.'s Objections at 7.] That case, which dealt with the abrogation of the Eleventh Amendment and reasonable attorneys' fees in 42 U.S.C. § 1983 civil rights cases, held: "Clearly, compensation received several

---

[6] The Court also notes that, as the Responding Defendants point out, the Ninth Circuit in Camacho approved of the fact that "cases decided in the Northern District [of California] offer a wide spectrum of reasonable hourly rates, even for work performed by the same attorney." See 523 F.3d at 980. There is no reason that this variation would not apply to this district.

years after the services were rendered — as it frequently is in complex civil rights litigation — is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." Jenkins, 491 U.S. at 283. Here, there has not been a lengthy delay since the Court approved the consent degrees in March 2014 and, as the magistrate judge found, this case was not particularly complex, see infra Section II.A.2.a. The Court therefore DENIES Plaintiff's objections 12 and 15, related to the magistrate judge's recommendation of an hourly fee of $300.00 for Mr. Phillips.

### b. **Mr. Thimesch**

In his Motion, Plaintiff failed to submit any support other than Mr. Thimesch's own declaration for his requested rate of $350.00 per hour, as required. See, e.g., BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Civil No. 09-00181 LEK-KSC, 2015 WL 881577, at *3 (D. Hawai`i Feb. 27, 2015) ("In addition to their own statements, attorneys are **required** to submit additional evidence that the rate charged is reasonable." (emphasis in BlueEarth) (some citations omitted) (citing Jordan, 815 F.2d at 1263)). Noting this, the magistrate judge cited two cases, one of which found a reasonable rate to be $250.00 per hour for Mr. Thimesch, see Riker v. Distillery, No. 2:08-cv-00450-MCE-JFM, 2009 WL 4269466, at *2 (E.D. Cal. Nov. 25, 2009), and found

$275.00 to be reasonable.  [F&R at 14-15.]

Plaintiff objects that: the magistrate judge did not consider Mr. Thimesch's resume and specialization in the field, but solely years of service; the "undisputed evidence" showed that there were no other sufficiently experienced ADA litigators in Hawai`i; and <u>Riker</u> was vacated and Mr. Thimesch ultimately received the equivalent of $375.00.  [Pltf.'s Objections at 6-7, 9-10.]  This Court finds the magistrate judge's analysis was proper.  He analyzed the submissions before him, as this Court here does de novo, and found that $275.00 per hour was appropriate based on Mr. Thimesch's skills and experience.  The Court agrees that $275.00 is consistent with the facts Plaintiff provided.  <u>See, e.g.</u>, <u>Ass'n of Apartment Owners of Koko Isle v. Redmond</u>, No. CV 14-00161 SOM-RLP, 2014 WL 3956775, at *2 (D. Hawai`i Aug. 12, 2014) (finding requested rate of $220.00 reasonable for attorney with twenty-five years experience); <u>Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC</u>, 871 F. Supp. 2d 1040, 1054 (D. Hawai`i 2012) (finding $250.00 a reasonable rate for attorney with "over twenty years litigation experience").

This Court is unclear as to what "undisputed evidence" Plaintiff hereto refers, since Plaintiff relies solely on his counsel's declaration, and Responding Defendants dispute that there was no other sufficiently experienced counsel in Hawai`i. <u>See</u> Response at 26 & n.11.  Finally, although the Court

acknowledges that Plaintiff has provided support that the <u>Riker</u> order available on Westlaw was vacated, [Suppl. Decl. of Timothy S. Thimesch Supporting Pltf.'s Motion, filed 7/14/14 (dkt. no. 403), Exhs. 30 (joint motion), 31 (vacatur order),] and that the stipulated fees amounted to a much higher rate, it is unwilling to base its reasonable hourly rate on the calculation from a private settlement, the details and posture of which it knows nothing.  Thus, looking to comparable fee awards, such as the ones cited in the F&R, and those herein cited, the Court DENIES Plaintiff's objections 11 and 14, related to the magistrate judge's recommendation of using an hourly fee of $275.00 for Mr. Thimesch.[7]

### 2.  <u>Hours Expended</u>

In objections 1, 5-9, and 16-19, Plaintiff objects to the magistrate judge's reduction of his requested hours expended. In the introduction to the magistrate judge's analysis of the reasonableness of Plaintiff's request, the F&R provides:

---

[7] The Court also rejects Plaintiff's argument that the magistrate judge penalized Mr. Thimesch for being admitted pro hac vice.  [Pltf.'s Objections at 9.]  The magistrate judge did not penalize Mr. Thimesch, but rather he recognized, as this Court does here, that Mr. Thimesch has less experience litigating ADA claims does Mr. Phillips.  <u>Compare, e.g.</u>, Decl. of Lunsford Dole Phillips at ¶ 7 (attesting that he has "handled nearly a thousand ADA cases in the 22 years" he has operated as a solo practitioner); <u>with</u> Decl. of Timothy S. Thimesch Supporting Pltf.'s Motion, filed 3/27/14 (dkt. no 356) at ¶ 26 (attesting that he had handled "disabled access lawsuits" for "approximately" eighteen years).

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs sought are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona [v. State Farm Mut. Auto. Ins. Co.], 821 F. Supp. [632,] 636 [(D. Hawai`i 1993)]. In determining reasonable fees, the Court must subtract hours which were duplicative, unproductive, excessive, or unnecessary, and must also assess the extent to which fees and costs could have been avoided or were self-imposed. Id. at 636, 637. The Court has "discretion to trim fat from, or otherwise reduce, the number of hours claimed to have been spent on the case," and time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (internal quotation marks and citation omitted).

As an initial matter, the Court is intimately knowledgeable about the facts and procedural history of this case, and is aware that much of the inefficiencies in prosecuting this action were brought about by the large number of defendants and properties Plaintiff choose [sic] to include in this action. Further, there were numerous difficulties stemming from Plaintiff's decision to retain both Mr. Phillips and Mr. Thimesch as co-counsel in this matter. Moreover, Plaintiff submitted thousands of pages of disorganized and unclear submissions to the Court in support of its Motion. It is not incumbent on the Court to decipher the thousands of pages of Plaintiff's submissions in order to determine the precise amount of hours Plaintiff's counsel spent with respect to the multiple hotels and numerous Defendants. Nevertheless, as outlined below, the Court has analyzed Plaintiff's submissions, and Defendants' oppositions thereto, and hereby finds that a deduction from both Mr. Phillips' and Mr. Thimesch's time is warranted. Accordingly, the Court recommends that Plaintiff be awarded attorneys' fees in the amount of $389,862.40, as detailed below and in "Exhibit A" to this Findings and Recommendation.

[F&R at 15-16.]

### a. Characterization of Plaintiff's Counsel's Strategy and Organization

Plaintiff does not object to the law applied in the F&R, and this Court concludes that it sets forth the applicable standards. However, objections 5 through 7 challenge the magistrate judge's general characterization of Plaintiff's submissions as "disorganized and unclear," and his counsel's litigation strategy as inefficient. To the extent that these objections do not specifically challenge any of the more than thirty-five pages of findings in the body of the section on hours expended, see F&R at 15-52; id., Exh. A, the Court declines to review that section de novo.[8] This Court finds no clear error in the magistrate judge's characterization, and defers to the magistrate judge who is "intimately knowledgeable" about the

_____

[8] Objection 8 appears to challenge the F&R's reliance on Plaintiff's Supplemental Memorandum as a baseline for the number of hours he claims his counsel expended, rather than on an errata. [Pltf.'s Objections at 5.] However, based on the two-sentence objection, this Court: cannot decipher what exactly Plaintiff objects to; to the extent he intends to refer to "ECF-415" and "**3**65-1," (emphasis added), the errata appears to predate the supplemental memorandum; and the errata only increases Mr. Thimesch's hours expended by 0.04 hours. The Court finds that there is nothing specific for this Court to review and, even if there was, there is no error.

Objection 9 challenges the magistrate judge's decision not to award fees for the supplemental briefing on the Motion. Plaintiff has not provided any basis for error, where the reason that the supplemental briefing was necessary was Plaintiff's own doing, see F&R at 28-29, and the Court finds that the magistrate judge did not err in finding those hours were not compensable.

facts and history of the case.  Based on docket entries, the magistrate judge held more than thirty status conferences with the parties between December 2010 and November 2014.  Suffice to say, the magistrate judge is quite familiar with Plaintiff's counsel's litigation strategy, and counsel should be clear on his expectations for filings.[9]  Therefore, the Court concludes that Plaintiff's objections 5-7 have no merit, and the Court DENIES objections 1, 3, and 5-9.

### b.   Duplication

In objection 16, Plaintiff challenges the magistrate judge's "finding that only one plaintiff attorney was justified in this case" and, in objection 17, he challenges "the F&R's reduction of 23.2 hours for Thimesh's time appearing at 'hearings, depositions and conferences,' on the basis that it was allegedly unreasonable and unnecessary for a 'second chair.'" [Pltf.'s Objections at 10, 12.]  As to objection 16, the magistrate judge did not make a finding as to redundancy or make any across-the-board reduction, as Defendants requested.  Instead he went item by item to assess any necessary deductions.  See F&R

---

[9] Objections 1 and 3 challenge the F&R: for stating that the "Third Amended Complaint 'requested the same relief' as the initial Complaint[;]" and "to the extent [it] faults [Plaintiff] for not rearguing original briefing points without supplemental briefing."  [Pltf.'s Objections at 2.]  It is not clear what Plaintiff is here objecting to or the legal or factual bases for the objections.  Insofar as they challenge the F&R's conclusion that Plaintiff's counsel was inefficient, or other non-determinative issues, the Court here rejects them.

19-21 (assessing specific redundancies as to work done that applied to all hotels ("Aqua General Category")).  The Court therefore rejects objection 16.

Regarding objection 17, the Ninth Circuit has explained that "courts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do."  Democratic Party of Wash. State v. Reed, 388 F.3d 1281, 1286 (9th Cir. 2004) (footnotes omitted).  However, it has also noted that "[p]articipation of more than one attorney does not necessarily amount to unnecessary duplication of effort," and that "[c]ourts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication."  Id. at 1286-87.  This district court has explained that, "[t]wo attorneys may recover fees for their appearances at court proceedings when it is reasonable and necessary for a 'second chair' to appear with lead counsel."  Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC, Civil No. 11-00500 JMS-RLP, 2014 WL 4129522, at *2 (D. Hawai`i Aug. 18, 2014).

The F&R provided that,

the Court deducts 23.2 hours from Mr. Thimesch's time that was billed for his appearance at Court hearings, conferences, and depositions at which Mr. Phillips was also present.  Inasmuch as

Mr. Thimesch has failed to articulate his distinct contribution to these appearances, and also failed to argue that it was reasonable and necessary for a "second chair" to appear, see Seven Signatures, 871 F. Supp. 2d at 1056, the Court finds this time unreasonable.

[F&R at 21.]  Although not present in the initial moving papers or supplemental filings, Plaintiff belatedly argues that "Thimesch participated heavily in all argument and proceedings before the court, lead all remedial negotiations, and personally took the one deposition held in this case in which he sought substantial structural remediations."  [Pltf.'s Objections at 12.]  This sentence, without more, is insufficient for the Court to determine that the magistrate judge, who was present at the proceedings, erred in his finding that Mr. Thimesch's appearances were duplicative.  The Court DENIES Plaintiff's objections 16 and 17.

### c.  <u>Clerical Tasks</u>

In objection 18 and 19, Plaintiff objects to the magistrate's judge's deduction for billing for "receiving 'read receipts,'" and for "alleged duplication, clerical work, block billing, etc. without an explanation for these reductions." [Pltf.'s Objections at 12.]  Insofar as this Court has already considered the challenge to the finding regarding duplication, it construes objection 18 as an objection to the deduction for clerical tasks and objection 19 as an objection to the deduction for block billing.  Neither of these objections have merit.

The entire substance of objection 18 is: "In fact all clerical work was carefully segregated and indicated as such, including receipt of read receipts." [Pltf.'s Objections at 12.] The magistrate judge did not find this to be the case. He explained in a footnote: "Because the entries reviewed and found to be clerical in nature are too numerous to list and reference here, the Court notes that a majority of these entries involved the review of Court-generated notices, scheduling and calendering dates and deadlines, receiving and emailing documents, and communicating with Court staff." [F&R at 28 n.7.] Insofar as Plaintiff neither provides this Court with the location of these purported segregated entries, nor offers any support for his claim that the magistrate judge was incorrect about the "numerous" entries, there is no ground for objection 18. Moreover, the Responding Defendants offer at least two examples where Plaintiff included clerical tasks in his fee submissions. See Response at 34 (quoting Pltf.'s Suppl. Mem., Exh. 117 TST, at 2). The Court DENIES objection 18.

In objection 19, Plaintiff argues, "[c]ertainly the defense's shot-gun objections through a 'check the box' method fail to articulate support for reductions." [Pltf.'s Objections at 12.] The Court disagrees that Defendants did anything improper in their oppositions to the Motion and agrees with the Responding Defendants that they were "obligated to object with

specificity to Plaintiff's submissions[.]"  [Response at 35.]

Plaintiff does not actually challenge the magistrate judge's

recommendation for an "across-the-board reduction of 15% for the

25.7 hours that Mr. Thimesch submitted in the 'block billing'

format," see F&R at 23, and the Court finds nothing improper

about the magistrate judge's reasoning or conclusion.  The Court

DENIES Plaintiff's objection 19.

### 3.  **Enhancement**

In objections 4, 10, and 22, Plaintiff objects to the

magistrate judge's recommendation that there should be no upward

enhancement for the lodestar, because: (1) he could not base an

enhancement determination on whether the fee arrangement was

fixed or contingent; and (2) he found that this is not a "rare

and exceptional" case.  The Court finds that the F&R's

conclusions were proper.

First, the F&R's statement of the law is correct.

Plaintiff argued that his "counsel risked a princely sum and a

good share of their life's work, and should be richly rewarded

for their success."  [Mem. in Supp. of Motion at 12.]  The

magistrate judge explained that, "[a]s an initial matter, the

substantial risk of time and money taken by Plaintiff's counsel

is a contingency argument, which cannot be considered in the

lodestar calculation."  [F&R at 53 (citation omitted).]

The United States Supreme Court has held that the

lodestar method yields a fee that is strongly presumptively reasonable, and "repeatedly said that enhancements may be awarded in rare and exceptional circumstances." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010) (citations and internal quotation marks omitted). The Supreme Court permits enhancements, *inter alia*, where there has been an "extraordinary outlay of expenses and the litigation is exceptionally protracted," and in "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." Id. at 555-56. However, a court may not "rel[y] on the contingency of the outcome" of a case. Id. at 558 (citing Burlington v. Dague, 505 U.S. 557, 565, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992)). Thus, the magistrate judge was correct that Plaintiff's argument for enhancement, which was essentially that his counsel risked a substantial loss in taking the contingency matter, does not, in and of itself, factor into the enhancement decision.[10]

Second, the magistrate judge did not err in concluding that this case was "not overly complex, rather, it was a run-of-

---

[10] The Court also rejects the argument, raised in objections 4 and 10, that the Court should apply the enhancement test from Schefke v. Reliable Collection Agency, Ltd., 96 Hawai`i 408, 454, 32 P.3d 52, 98 (2001). [Pltf.'s Objections at 3, 6.] Although Plaintiff included a Chapter 378 claim in his complaint, he clearly moved for fees pursuant to the ADA, [Mem. in Supp. of Motion at 12,] and therefore federal law, and not state law, applies to the enhancement determination. The Court rejects these objections.

the-mill ADA case[.]" [F&R at 53.] In one paragraph, without any citations to case law or the record, Plaintiff challenges this conclusion in his objection 22. [Pltf.'s Obj. at 15.] While this Court is sensitive to counsel's hard work and positive outcome, it agrees with the magistrate judge that this is not the type of "rare and exceptional" case that warrants an enhancement. See, e.g., Kenny A., 559 U.S. at 553-57 (reversing enhancement in eight-year class action civil rights case on behalf of 3,000 foster children). The Court DENIES Plaintiff's objections 4, 10, and 22.

### 4. Apportionment

Finally, in objection 13, Plaintiff objects to the magistrate judge's recommendation to deny his request for joint and several liability among defendants responsible for each hotel. In the F&R, the magistrate judge equally divided and apportioned the Aqua General Category among all thirty-two defendants. As Plaintiff would have it, for any of the seventeen hotels, he would be able to seek his award for the entire hotel from any defendant responsible for any of the fees as to that hotel.[11] Specifically, Plaintiff argues that Corder v. Gates,

---

[11] He also appears to suggest belatedly that the Aqua corporate entities should be responsible for the entire award of fees and costs. [Pltf.'s Objections at 8.] Insofar as Plaintiff's argument is not clear, he provides no legal or factual support for it, and he makes no specific objection to the F&R, the Court here does not consider it.

947 F.2d 374, 382-83 (9th Cir. 1991), supports his argument that allowing joint and several liability in this way conforms with customary practice.

This Court agrees with Defendants that <u>Corder</u> is largely inapplicable, <u>see</u> Suppl. Response at 17-18, and actually supports how the magistrate judge would have had Plaintiff better apportion the award. <u>See</u> 10/14/14 EO at 1-2 (ordering Plaintiff to sub-divide the Aqua General Category based on when specific defendants were part of the lawsuit); Response at 23-24 (pointing out that Plaintiff failed to properly sub-divide as ordered). Plaintiff does not offer any law that suggests that either: joint and several liability is the default rule; or it should apply here to ease Plaintiff's attempt to collect, where he has not proven that each defendant within a hotel was equally responsible or that they all colluded together to make the hotel inaccessible under the ADA. The Court DENIES objection 13.

## B. <u>Costs Objections</u>

In objections 2, 20 and 21 Plaintiff challenges the F&R's limit on the recovery of costs because the magistrate judge was unable to decipher Plaintiff's "haphazard" submissions, and he required clear descriptions of services rendered.[12] [Pltf.'s

_____

[12] Plaintiff also objects, in objection 2, to the "inflated figure for expense recovery" that the F&R cites in its introduction. [Pltf.'s Objection at 2.] The Court rejects this objection because the magistrate judge agreed that this figure
(continued...)

Objections at 12-14.]  As the F&R acknowledges, costs should be
allowed to the prevailing party.  See F&R at 56 (citing Fed. R.
Civ. P. 54(d)(1); Local Rule 54.2(a)).  It also notes that a
trial court has "wide discretion" in awarding costs.  See id.
(citations omitted).  This is a correct statement of the law, and
Plaintiff does not challenge it.  See, e.g., Linex Techs., Inc.
v. Hewlett-Packard Co., Case No. 13-cv-00159-CW(MEJ), 2014 WL
5494906, at *2 (N.D. Cal. Oct. 30, 2014) (explaining that
"[c]ourts have 'wide discretion' in determining whether and to
what extent prevailing parties may be awarded costs" (quoting
K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir.
1969))).

        Although he found that Plaintiff had submitted
"hundreds of pages of haphazard invoices and receipts in support
of his request for litigation expenses and costs[,]" [F&R at 57,]
the magistrate judge could have denied but chose to award costs.
Since he found that it was "impossible to develop an appropriate
methodology to review the reasonableness of Plaintiff's costs
when they are not . . . presented in an organized and detailed
manner," [id.,] he chose to use the ratio of attorneys' fees
awarded to requested fees to reduce the requested costs [id. at

---

[12](...continued)
was inflated and ultimately used a lower figure in the
substantive section of the F&R on costs to calculate the award.
See F&R at 57 & n.26.

58-59]. The effect was to cut forty-one percent of the requested costs. This Court finds this methodology sound.

Likewise, Plaintiff does not object to the methodology itself, but rather the fact that the magistrate judge chose to reduce the costs at all. This Court finds that there is no substance to Plaintiff's objections 20 and 21, especially in light of the fact that the magistrate judge could have awarded no costs because of failure to organize his request, and many improper costs requested. <u>See</u> F&R at 58 ("the Court is appalled at the audacity of Plaintiff's counsel to seek reimbursement of costs for such frivolous expenses as limousine transportation, first-class flights, and fancy dinners in a civil rights case"). The Court DENIES objections 2, 20 and 21.[13]

**C. Summary**

The Court finds that Plaintiff's Objections have no merit and thus DENIES them all.

## CONCLUSION

On the basis of the foregoing, Defendant Beachtree Properties, LLC's Objection to the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for an Award of Reasonable Statutory Attorney Fees,

---

[13] Similarly, insofar as the Responding Defendants "invite this Court to review in detail [Defendants'] objections [to Plaintiff's Motion related to costs], and the Plaintiff's submissions to which the objections relate[,]" <u>see</u> Response at 39, this Court declines the invitation as unnecessary.

Litigation Expenses and Costs, Filed March 31, 2015 and Served on April 1, 2015 [Doc 436], filed April 22, 2015, and Plaintiff Ed Muegge's Objections to Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for an Award of Reasonable Statutory Attorneys Fees, Litigation Expenses and Costs, filed April 10, 2015, are HEREBY DENIED.

The Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's motions for an Award of Reasonable Statutory Attorneys Fees, Litigation Expenses and Costs, filed March 31, 2015, is HEREBY ADOPTED in its entirety.

Lastly, the Court would be remiss if it did not acknowledge the magistrate judge's fine work and considerable restraint (as well as patience) in handling the original fee request.  There may exist another fee request that has been as disorganized and unsubstantiated but this Court cannot say it has

/

/

/

/

/

/

ever seen it.  Despite this presentation, the magistrate judge was exceedingly thorough and judicious in his review and analysis of the fee request, and his recommendation is eminently fair.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ED MUEGGE VS. AQUA HOTELS AND RESORTS, INC., ET AL.; CIVIL 09-00614 LEK-BMK; ORDER DENYING DEFENDANT BEACHTREE PROPERTIES, LLC'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION; AND ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**